**UNITED STATES of America**

v.

**Donald Douglas CESARE, Appellant.**

No. 08–2749.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 22, 2009.

Filed Sept. 18, 2009.

Candace Cain, Esq., Pittsburgh, PA, for Appellant.

Robert L. Eberhardt, Esq., Kelly R. Labby, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Before FUENTES, JORDAN, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant Donald Cesare pleaded guilty to a two-count information charging him with bank robbery under 18 U.S.C. § 2113(a), and armed bank robbery under 18 U.S.C. § 2113(d). After reviewing the § 3553(a) factors, the District Court sentenced Cesare to fifty-three months imprisonment on both counts, to be served concurrently. Additionally, Cesare was ordered to serve a term of supervised release for three years on Counts One and Two, to be served concurrently. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the District Judge also ordered Cesare to pay a special assessment of two hundred dollars—one hundred dollars for each count.

Defense counsel objected at the sentencing hearing, initially arguing that Cesare should receive a one hundred dollar special assessment, given that Cesare should only receive one sentence. The Government did not object. The District Court agreed and ordered Cesare to pay a one hundred dollar special assessment. Before judgment was entered, however, the District Judge had the parties return to the courtroom, where he explained that after "further reflection, it is my view that the special assessment is—should be $200, and that is per the statute, and I'm of the view that the statute controls." Defense counsel again objected, arguing that Cesare should only get one sentence of imprisonment, one term of supervised release and one assessment of one hundred dollars. The District Court rejected that argument, but noted it was preserved for purposes of appeal. On appeal, Cesare does not challenge the validity of his convictions or his actual sentence, but challenges only the structure in which his sentence was imposed.[1]

### I.

 The Government concedes that Cesare improperly received concurrent sentences for lesser included offenses, and that such a sentence violates double jeopardy.[2] We agree. The federal bank robbery statute makes each aspect of a bank robbery a separate offense. Therefore, bank robbery, 18 U.S.C. § 2113(a), is a lesser included offense of armed bank robbery, 18 U.S.C. § 2113(d). Because each count charged a crime defined by the statute, the District Court erred by imposing separate sentences for each—even though it ordered the terms of imprisonment to be served concurrently. *See Government of Virgin Islands v. Dowling*, 633 F.2d 660, 668 (3d Cir.1980).

Faced with an identical error in *United States v. Beckett*, 208 F.3d 140, 149 (3d Cir.2000), we vacated the sentence for the lesser included offense and permitted the other to stand. Typically, we would do the same here and vacate the sentence for the lesser included offense of bank robbery. *See e.g. United States v. Corson*, 449 F.2d 544, 551–52 (3d Cir.1971) *(en banc)*. The separate, one hundred dollar special assessment on each offense of conviction, however, complicates our analysis and disposition.

### II.

 In *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419

---

1. Our jurisdiction is found in 28 U.S.C. § 1291. We also have jurisdiction under 18 U.S.C. § § 3742(a)(1) and (a)(2), which gives us jurisdiction over sentences imposed in violation of law. *See United States v. Cooper*, 437 F.3d 324, 327–28 (3d Cir.2006).

2. We exercise plenary review over the District Court's resolution of constitutional issues, including legal questions concerning Double Jeopardy challenges. *United States v. Dees*, 467 F.3d 847, 853 (3d Cir.2006).

(1996), the Supreme Court instructed that "18 U.S.C. § 3013 requires a federal district court to impose a ... special assessment for every conviction." The Supreme Court noted that because "such an assessment was imposed on both convictions in this case[,] ... [as] long as § 3031 stands, a second conviction will amount to a second punishment." *Id.* at 301, 116 S.Ct. 1241. The result in *Rutledge* was that one of Rutledge's convictions, as well as his concurrent sentence, were held to be an unauthorized punishment for a separate offense and therefore the conviction itself had to be vacated. *Id.* at 307, 116 S.Ct. 1241.

Here, the Government asks that we vacate only the imprisonment and supervised release portion of the sentence for bank robbery and leave the two special assessments intact. According to the Government, such a remedy is acceptable because special assessments are not punishments. That position is untenable in light of *Rutledge*, a case which the Government mentions only in passing in a footnote. *See also United States v. Kimbrough,* 69 F.3d 723, 729 (5th Cir.1995), *cert. denied,* 517 U.S. 1157, 116 S.Ct. 1547, 134 L.Ed.2d 650 (1996) ("As long as a sentence carries a mandatory special assessment, it is a separate punishment for double jeopardy purposes."). Thus, if both of Cesare's convictions were to stand, § 3013 "requires" the District Court "to impose a ... special assessment" for each one. *Rutledge,* 517 U.S. at 301, 116 S.Ct. 1241. This, however, cannot withstand constitutional scrutiny.

We have recently held that "where a defendant was erroneously convicted of the same offense under two separate counts, such a conviction unfairly subjects him to separate one hundred dollar special assessments." *United States v. Miller,* 527 F.3d 54, 74 (3d Cir.2008).[3] Indeed, we determined that the entry of separate convictions saddles a defendant with separate one hundred dollar special assessments and threatens him with the "potential adverse collateral consequences" the Supreme Court was concerned about in *Rutledge. Id.* at 73. *See also Rutledge,* 517 U.S. at 302, 116 S.Ct. 1241. Thus, the two separate special assessments in this case constitute impermissible double punishments and, as such, offend double jeopardy.

Cesare does not argue that his conviction for bank robbery under 18 U.S.C. § 2113(a) is a lesser included offense of his conviction for armed bank robbery under 2113(d), and, as such, must be vacated. He only challenges his ultimate sentence. We choose, nonetheless, to exercise our limited authority under FED.R.CRIM.P. 52(b) to correct this error. Under Rule 52(b), a plain error that affects substantial rights may be considered even though it was not brought to the court's attention. *See also United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (noting that Rule 52(b) is to be used sparingly and "to correct only 'particularly egregious errors.'"). The Rule prescribes a plain error standard of review in these circumstances. *See United States v. Ola-*

---

**3.** Our holding in *Miller* has been called into question recently as lacking any precedential authority because it conflicts with our prior decision in *United States v. Gricco,* 277 F.3d 339 (3d Cir.2002). *See United States v. Tann,* 577 F.3d 533, 2009 WL 2581433 (3d Cir. 2009). Inasmuch as our holding in *Gricco* conflicts with the Supreme Court's decision in

*Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) and *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), our opinion in *Tann* reaffirmed our holding in *Miller* and determined we are not bound by our prior decision in *Gricco.*

*no,* 507 U.S. 725, 731, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ A defendant must satisfy a four-prong test to be successful under plain error review: there must be (1) an error; (2) that is plain; (3) which affects substantial rights; and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings. *See Olano,* 507 U.S. at 732, 113 S.Ct. 1770; *United States v. Wolfe,* 245 F.3d 257, 260–61 (3d Cir.2001). We have already satisfied the first point of inquiry. The District Court's entry of separate convictions for Counts One and Two of the criminal information was error. 18 U.S.C. § 2113(a) is a lesser-included offense of 18 U.S.C. § 2113(d). *Beckett,* 208 F.3d at 149; *see also Dowling,* 633 F.2d at 668. Likewise, we find that the error was plain, satisfying the second prong of the analysis.

We have previously held that bank robbery is a lesser included offense of armed bank robbery. *Beckett,* 208 F.3d at 149. This holding is fixed in our law, and implicates the double jeopardy question. *See e.g. United States v. Williams,* 344 F.3d 365, 372 n. 2 (3d Cir.2003). In *United States v. Jackson,* we held that a district court's entry of separate convictions for the same offense directly affected a defendant's substantial rights. 443 F.3d 293, 301 (3d Cir.2006). We determined that the right "to be free from duplicative prosecutions and punishments is a hallmark of American jurisprudence." *Id.* That observation is true in this case and we find that Cesare's substantial rights have been affected by the entry of separate convictions for Counts One and Two of the information. *See also Miller,* 527 F.3d at 73.

The fourth inquiry under plain error review requires us to determine whether the District Court's error seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Miller,* 527 F.3d at 73. In both *Miller, Jackson,* and most recently in *United States v. Tann,* 577 F.3d 533, 2009 WL 2581433 (3d Cir. 2009), we determined that although a district court imposes concurrent sentences for separate convictions, its entry of the convictions "seriously affected the fairness of the sentencing proceedings because the defendant received two special assessments of $100 instead of one." *Id.* (citing *Jackson,* 443 F.3d at 301). We apply that holding here and find that the entry of separate convictions on Counts One and Two seriously affected the fairness of the District Court's proceedings. Put another way, leaving this error uncorrected would seriously affect the fairness and integrity of this proceeding. Therefore, under the plain error standard, we may notice this double jeopardy error present in Cesare's dual convictions.

### III.

Having determined that Cesare's conviction for bank robbery, as well as the concurrent sentence and imposition of an additional special assessment, constitutes an unauthorized punishment for the same offense, we turn to the appropriate remedy. We have previously found that where a defendant was erroneously convicted for the same offense under two statutory provisions, "the only remedy consistent with Congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions." *Miller,* 527 F.3d at 74 (quoting *Ball v. United States,* 470 U.S. 856, 864, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). Accordingly, we will remand this matter to the District Court with instructions for it to vacate Cesare's conviction for bank robbery pursuant to 18 U.S.C. § 2113(a) and for any

other proceedings consistent with this opinion.