OPINION OF THE COURT
GREENBERG, Circuit Judge.
This matter comes on before this Court on Lavelle Fountain’s appeal from a final judgment entered on April 7, 2009, following his guilty plea in this criminal case. By reason of his participation in and resulting arrest for a bank robbery, a grand jury indicted Fountain for bank robbery, 18 U.S.C. § 2113(a) and 2 (Count one); armed bank robbery, 18 U.S.C. § 2113(d) and 2 (Count two); carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(l)(A)(ii) and 2 (Count three); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Count five). The grand jury also indicted a co-defendant, Wallace S. Winstead, in Counts one, two, and three and indicted Winstead separately for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Count four). Fountain ultimately pleaded guilty to all four counts against him.
It is undisputed that, predicated on Fountain’s classification as a career offender, his advisory sentencing guidelines range was 272 to 319 months. Nevertheless, Fountain contended in the District Court that the advisory guidelines range overrepresented the seriousness of his offenses and thus he asked the Court to depart or vary downward from that range. In particular, he contended that he was very young during two of the predicate offenses that resulted in his career offender classification and that one of the offenses involved only a small amount of drugs. He also challenged the bases for the formulation of the guidelines themselves. As might be expected, Fountain’s contentions included the argument that the sentencing factors in 18 U.S.C. § 3553(a) did not require a sentence within the guidelines range of 272 to 319 months. Significantly, Fountain urged that a sentence within the guideline range without *650 the career offender designation, i.e., between 184 and 209 months, would be appropriate. On the other hand, the prosecutor contended that the District Court should sentence Fountain within the 272-to-319 month range.
Fountain was successful in advancing his contention as the Court sentenced him to a 184-month term divided between three concurrent 100-month mandatory terms on Counts one, two, and five and a consecutive 84-month term on Count three. In addition, the Court imposed a separate $100 special assessment on each of the four counts for a total assessment of $400. Even though the Court sentenced Fountain at the bottom of the guidelines range that he contended was appropriate, he has appealed from the sentence.
Fountain raises two issues on this appeal. First, he contends that his sentence of 184 months was greater than necessary to achieve the purposes of sentencing and therefore was substantively unreasonable. He also contends that, as a matter of law, the Court could not sentence him for both bank robbery under 18 U.S.C. § 2113(a) and armed bank robbery under 18 U.S.C. § 2113(d) for a singular offense. The government agrees with Fountain’s dual sentencing contention.
The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Inasmuch as we are accepting the parties’ legal stipulation with respect to dual sentencing, see United States v. Cesare, 581 F.3d 206 (3d Cir.2009), and thus are requiring resentencing, the only contested issue regarding the District Court’s sentence relates to its reasonableness which we review on an abuse of discretion basis. See United States v. Tomko, 562 F.3d 558, 561 (3d Cir.2009).
After our review of this matter we cannot conclude that the District Court abused its discretion in imposing its sentence in this case. After all, the Court sentenced Fountain at the bottom of the range that Fountain suggested would be appropriate. Indeed, though we do not preclude Fountain from making his argument that the sentence was unreasonable, if we agreed with him that it was, which we do not, arguably he nevertheless would not be entitled to relief on that basis as he would have invited the District Court’s error. See United States v. Console, 13 F.3d 641, 660 (3d Cir.1993).
For the foregoing reasons the judgment of conviction of April 7, 2009, is vacated to the extent that it enters judgment on Count one and is affirmed with respect to Counts two, three and five and the case is remanded to the District Court for resentencing to the end that the District Court imposes its sentence only on Counts two, three and five.