NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4354
_____

UNITED STATES OF AMERICA

v.

RICHARD J. FRASE a/k/a Richard Brandon

Richard J. Frase,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-07-cr-00730-004
District Judge: The Honorable J. Curtis Joyner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 27, 2012

Before: FUENTES, SMITH, and JORDAN, *Circuit Judges*

(Filed: September 13, 2012)

_____

OPINION

_____

SMITH, *Circuit Judge.*

A jury convicted Richard J. Frase of one count of conspiring to defraud the

United States in violation of 18 U.S.C. § 371, nine counts of tax evasion in violation of 26 U.S.C. § 7201, and three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1).  The United States District Court for the Eastern District of Pennsylvania sentenced Frase to, *inter alia*, 56 months of imprisonment. Proceeding pro se, Frase appeals from his convictions and sentence.[1]  Because the parties are familiar with the facts and procedural history of this case, we recite only that which is necessary to rule on his many arguments.

Frase contends that the government failed to prove beyond a reasonable doubt that he acted "willfully," an element required for each count of conviction. We construe this argument as a challenge to the sufficiency of the evidence.  In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court instructed that the critical inquiry in reviewing the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  If a rational juror could have found the elements of the crime beyond a reasonable doubt, we must sustain the verdict.  *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004).  Our review of the record demonstrates that Frase's conduct over the years provides an evidentiary basis for the jury's determination that he acted willfully.

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231.  We have

In what we construe as another sufficiency challenge, Frase argues that he was not an "employee" of the corporation TAC Automotive, Inc. (TAC), that he did not receive "wages" from TAC, and that several corporations with which he transacted business were not sham entities. We appreciate Frase's view of the evidence. Nonetheless, it does not provide a basis for setting aside his convictions because none of the offenses of conviction required the government to prove that Frase was an "employee," that he had earned "wages," or that a corporate entity he transacted business with had been created for an unlawful purpose. *See United States v. Rigas*, 605 F.3d 194, 206 n.9 (3d Cir. 2010) (en banc) ("The specific elements of conspiracy to defraud the United States [under § 371] are: (1) an agreement to defraud the United States; (2) the defendants intentionally joining the agreement; (3) one of the conspirators committing an overt act; and (4) an overt act in furtherance of the conspiracy."); *United States v. Hecht*, 638 F.2d 651, 659 (3d Cir. 1981) (Weis, J., dissenting) (noting that the "elements of a § 7201 offense are (1) willfulness, (2) the existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax" (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965))); *United States v. Hills*, 618 F.3d 619, 638 -639 (7th Cir. 2010) (instructing that the elements the government must prove to obtain a conviction for willfully filing a false tax return under 26 U.S.C. § 7206(1)

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

include "(1) the defendant made or caused to be made a federal income tax return that []he verified was true; (2) the return was false as to a material matter; (3) the defendant signed the return willfully and knowing it was false; and (4) the return contained a written declaration that it was made under penalty of perjury").

In an effort to set aside his convictions, Frase contends that the District Court erred by allowing the admission of certain evidence, particularly a chart summarizing his access to certain funds over a period of years. "Our review of a district court's ruling to admit or exclude evidence, if premised on a permissible view of the law, however, is only for an abuse of discretion." *United States v. Sokolow*, 91 F.3d 396, 402 (3d Cir. 1996). Inasmuch as Federal Rule of Evidence 1006 permits the admission of a summary or a chart, we fail to find any abuse of discretion by the District Court by allowing the use of such a chart.

Frase also asserts that his convictions cannot stand because the government did not offer into evidence tax assessments, which were a prerequisite for the government to engage in collections activities. We need not resolve the issue of whether a tax assessment is a prerequisite for collection activity because this is a criminal proceeding.

Turning to Frase's claim of prosecutorial misconduct, we acknowledge that "[a] prosecutor's comments can create reversible error if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"

4

*United States v. Lee*, 612 F.3d 170, 194 (3d Cir. 2010) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  We will not overturn a conviction "on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985).  After consideration of the single remark identified by Frase, which occurred during the prosecution's closing statement and concerned the testimony of a witness, we do not find that the prosecutor's statement affected the fairness of Frase's trial.

Furthermore, our review of the record in this matter compels the conclusion that there is no merit to Frase's contention that the District Court displayed bias towards him and negatively influenced the jury.  To the contrary, the Court was patient with Frase and, mindful of the fact that he was a layman, made an effort to explain various legal matters to him during the course of the trial.  The Court allowed Frase to fully present his case, and was neither demeaning nor intemperate.

The District Court, according to Frase, erred by refusing to give his requested jury instruction on his status as a nonresident alien.  "We will order a new trial on account of a district court's refusal to give a proposed jury instruction only when the requested instruction was correct, not substantially covered by the

5

instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant." *United States v. Hoffecker*, 530 F.3d 137, 167 (3d Cir. 2008) (internal citation and quotation marks omitted). Inasmuch as there was no factual basis for the proposed instruction, we conclude that the District Court did not err by rejecting it.

Finally, Frase contends that the District Court erred at sentencing by applying a two-level enhancement under U.S.S.G. § 3C1.1 for perjury. "We review the factual findings underlying the District Court's perjury determination for clear error, while exercising plenary review over the District Court's conclusions of law." *United States v. Miller*, 527 F.3d 54, 75 (3d Cir. 2008). In *United States v. Dunnigan*, 507 U.S. 87 (1993), the Supreme Court instructed that sentencing courts applying the perjury enhancement must "make independent findings" for "each element of the alleged perjury." *Id.* at 94. The three elements are: (1) "false testimony," (2) "concerning a material matter," (3) "with . . . willful intent to provide false testimony." *Id.*

Frase asserts that the District Court erred because it did not make the requisite findings of fact and because it applied the enhancement simply because the jury did not believe his testimony. A sentencing court's failure to make explicit findings, however, is not always fatal. For example, in *United States v. Gricco*, we instructed that "express findings" are not required if false testimony is

obvious from the record.  277 F.3d 339, 362 (3d Cir. 2002) (citing *United States v. Boggi*, 74 F.3d 470, 479 (3d Cir. 1996)), overruled on other grounds, as stated in *United States v. Cesare*, 581 F.3d 206, 208 n.3 (3d Cir. 2009).  After consideration of Frase's testimony, we conclude that the District Court did not err in applying the perjury enhancement.  Frase's testimony that he did not know that he was liable for taxes was obviously false, as the District Court noted, in light of his extraordinary efforts over the years to conceal the funds to which he had access.

In sum, we have carefully reviewed the record in this matter and fully considered Frase's numerous assertions in his pro se submissions.  We conclude, however, that none of his arguments merit setting aside his convictions or vacating his sentence.  Accordingly, we will affirm the judgment of the District Court.