NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1284
_____

UNITED STATES OF AMERICA

v.

TIMOTHY WILSON,
a/k/a William Gurley,
a/k/a Timmothy Wilson,
a/k/a William Wilson,
a/k/a Timothy Gurley Wilson

Timothy Wilson,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-12-cr-00009-001)
District Judge:  Hon. David S. Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
October 18, 2013

Before:  RENDELL, JORDAN and LIPEZ*, *Circuit Judges.*

(Filed: October 21, 2013)
_____

OPINION OF THE COURT
_____

_____
        * Honorable Kermit V. Lipez, United States Court of Appeals Senior Judge for the
First Circuit, sitting by designation.

JORDAN, *Circuit Judge*.

Timothy Wilson appeals the sentence imposed on him by the United States District Court for the Western District of Pennsylvania for firearm offenses. We will affirm.

## I.     Background

During a traffic stop, police discovered Wilson in possession of a sawed-off shotgun. He was later charged with being a felon in possession of a firearm (Count One), in violation of 18 U.S.C. § 922(g)(1) and § 924(e), and with possession of an unregistered firearm (Count Two), in violation of 26 U.S.C. § 5861(d). Wilson went to trial, where he challenged only § 922(g)'s jurisdictional element, which requires that the firearm at issue in a case have crossed state lines. He did not dispute that his sawed-off shotgun had crossed state lines at some point. He did, however, contend that his possession of it had only occurred within the Commonwealth of Pennsylvania and therefore he had not broken the law.[1] Other than contesting that jurisdictional element of the offense, he "conceded by stipulation or otherwise" all other facts necessary for a conviction. (Appellant's Opening Br. at 8.) At the conclusion of his trial, the jury convicted Wilson on both counts.

---

[1] The idea that, for a crime to have been committed, Wilson himself had to have moved the gun across state lines is contrary to *United States v. Singletary*, in which we held that proof of a firearm moving in interstate commerce at some point in the past is sufficient to satisfy § 922(g)'s jurisdictional element. 268 F.3d 196, 205 (3d Cir. 2001).

A Presentence Investigation Report ("PSR") was prepared and recommended that Wilson be sentenced under the Armed Career Criminal Act ("ACCA"). That statute mandates a minimum 15-year prison sentence for anyone possessing a firearm after "three previous convictions … for a … violent felony … committed on occasions different from one another." 18 U.S.C. § 924(e). The PSR noted that Wilson had four prior robbery convictions, all from his actions in the summer of 2006. Specifically, when Wilson was 17 years old, he committed a string of robberies in quick succession. On September 5, 2006, he was adjudicated delinquent for one robbery, and, in the course of that adjudication, his other crimes became known. Wilson then pled guilty as an adult to four robberies and was sentenced to five to ten years imprisonment. As an Armed Career Criminal, Wilson was subject to a Guidelines Offense Level that was increased from 26 to 34. The PSR did not recommend an offense level reduction under Guidelines § 3E1.1 for acceptance of responsibility, because Wilson was convicted following a trial at which he contested the jurisdictional element of the offense. The PSR calculated a range of imprisonment of 262 to 327 months.

In his objections to the PSR, Wilson contested the use of crimes committed while he was a juvenile as a basis for applying ACCA, and he argued that he had accepted responsibility for his most recent crimes. At the sentencing hearing, he also argued that a 15-year sentence was sufficient but not greater than necessary to promote the purposes of sentencing provided in 18 U.S.C. § 3553(a). The District Court sentenced Wilson to a within-Guidelines sentence of 262 months on Count One and 120 months on Count Two,

3

to run concurrently, with supervised release for five years on Count One and three years on Count Two, also to be served concurrently.

This timely appeal followed.

## II. Discussion[2]

Wilson says that the District Court erred in denying an offense-level reduction for acceptance of responsibility. He also claims that his sentence was procedurally and substantively unreasonable. We address his arguments in that order.

### A. Acceptance of Responsibility

According to Wilson, the District Court erred in denying his request for an offense-level reduction for acceptance of responsibility under Guidelines § 3E1.1. That section states, "if the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S. Sentencing Guidelines Manual § 3E1.1. Wilson claims that he did not contest his guilt at trial, only the constitutionality of the application of 18 U.S.C. § 922(g) to his conduct. More specifically, he says that the interstate commerce element was not met by his strictly intrastate possession of a gun. The District Court rejected that argument, reasoning that a challenge to the jurisdictional element is a challenge to an element of the crime and as such cannot be an acceptance of guilt. The Court explained that, "In order to receive acceptance of responsibility for

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and, to the extent Wilson contends his sentence was imposed in violation of law, pursuant to 18 U.S.C. § 3742. We review the sentencing decision of a district court for abuse of discretion, alert to procedural error and examining the sentence for substantive reasonableness. *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011).

4

criminal activity[,] you have to admit the crime, and he didn't." (App. at 371.) The Court also took into consideration Wilson's conduct at trial, including an outburst in which he called the police officers liars in front of the jury.

We review for clear error the factual determination that a defendant did not accept responsibility. *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995); *see also* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."). While it is true that credit for acceptance of responsibility can be given "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge ...)," U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2; *see also United States v. Rodriguez*, 975 F.2d 999, 1008-09 (3d Cir. 1992) (remanding because district court did not review permissibility of reduction following a trial), it was not clearly erroneous for the District Court to determine that Wilson had not accepted responsibility when he both contested an element of the charge, despite contrary controlling case law, and he "accused the police of lying in order to convict him." (App. at 5.) The District Court here did not "ignore ... that a defendant's decision to go to trial does not prohibit" a reduction. *Rodriguez*, 975 F.2d at 1009. It addressed the point, finding that Wilson had failed to "clearly demonstrate an acceptance of responsibility for

his criminal conduct." (App. at 5.) There was, therefore, no clear error in rejecting Wilson's insistence that he had accepted responsibility for his crimes.[3]

B.      *Procedural and Substantive Reasonableness*

Wilson also contends that the District Court "failed to acknowledge or respond" to the arguments that "his youth when the ACCA predicates occurred was a mitigating factor" warranting a variance and that a 15-year sentence "was sufficient to prevent recidivism." (Appellant's Opening Br. at 23.) He says that the Court never ruled on those variance requests, in violation of our admonition that a sentencing court "must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." (Appellant's Opening Br. at 24 (quoting *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007)).)

The argument about his youth has evolved over time. In his sentencing objections before the District Court, Wilson objected only that the application of ACCA was inappropriate because his earlier robberies were "acts of juvenile delinquency," and, as such, were covered by 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" in the alternative as "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device …"). (App. at 352.) The District Court rejected that argument because the convictions are, on their face, adult convictions and no analysis

---

[3] Wilson also argues that § 922(g)(1) is facially unconstitutional and unconstitutional as applied because, under *United States v. Lopez*, 514 U.S. 549 (1995), it does not regulate an activity that substantially affects interstate commerce. We expressly rejected that argument in *Singletary,* 268 F.3d at 205.

6

under § 924(e)(2)(B)'s juvenile delinquency provision is in order.[4] Wilson's counsel nevertheless argued that his Guidelines offense-level calculation was impermissibly based on "the four juvenile cases that became the one consolidated adult case for plea and sentencing, which is problematic in the context of the armed career criminal enhancement." (App. at 374.) Wilson, thus, only mentioned his youth as it related to his ACCA predicate offense, and he did not make a separate argument that his youth at the time he committed the predicate offenses should be a mitigating factor.[5]

Now, however, he says that an offender's youth and immaturity are mitigating factors with legal merit under Supreme Court case law recognizing the role of youth in sentencing. *See Miller v. Alabama*, 132 S. Ct. 2455, 2464 (2012) (holding mandatory life imprisonment without the possibility of parole for offenders under the age of 18 unconstitutional); *Gall v. United States*, 552 U.S. 38, 57-58 (2007) (holding it was not unreasonable for district court to look at defendant's youth at the time of the offense as a mitigating factor).

---

[4] The parties dispute how best to describe Wilson's exact age at the time of the robberies but, regardless of the words one uses, the fact is that he was convicted and sentenced as an adult by the Commonwealth, so his legal arguments fail. *See United States v. Spears*, 443 F.3d 1358, 1360-61 (11th Cir. 2006) (rejecting the same argument presented here – that a prior conviction does not count as an ACCA predicate because the defendant was only 17 years of age – because the defendant was convicted and sentenced as an adult).

[5] We recognize Wilson's arguments to the contrary; however, we do not construe the statement of Wilson's counsel as both "an acknowledgement" that the District Court had ruled on the ACCA issue as well as a request for the Court to consider the circumstances of the predicate offenses as a mitigating factor. (Appellant's Reply Br. at 6.) The statement cannot reasonably be interpreted as a request for a variance.

Because Wilson did not raise this particular argument before the District Court, we review it only for plain error. *See United States v. Russell*, 564 F.3d 200, 203 (3d Cir. 2009) (citations omitted). "A defendant must satisfy a four-prong test to be successful under plain error review: there must be (1) an error; (2) that is plain; (3) which affects substantial rights; and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings." *United States v. Saferstein*, 673 F.3d 237, 241 (3d Cir. 2012) (quoting *United States v. Cesare*, 581 F.3d 206, 209 (3d Cir. 2009)). As we consider the sentence imposed by the District Court, we must ensure that the Court committed no significant procedural error in arriving at its decision, "such as … failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence … ." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (citations omitted). If there was no procedural error, we then consider the substantive reasonableness of the sentence in light of the appropriate guidelines range. *Id.* at 218. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Id.* (citations omitted).

Here, the District Court considered the § 3553(a) factors, and it was not required to independently raise Wilson's age at the time of the predicate offenses – a factor it had considered in the context of its ACCA analysis and the Guidelines calculations. Specifically, the District Court said:

> [H]e has previously been convicted of numerous robbery offenses. The Defendant has juvenile convictions for simple assault and robbery, plus several adult convictions for

robbery. I believe that the sentence is necessary and appropriate based on the seriousness of the offense, the need to protect society, as well as to attempt the rehabilitation of the Defendant.

(App. at 387.) Not separately addressing Wilson's youth at the time of his predicate offenses was not plain error, as the Court was well aware of the age issue, given the extensive ACCA arguments.

Wilson also argues that the Court erred in not responding to his argument that a sentence of more than 15 years would be greater than necessary. The argument fails, however, since the record shows that the District Court did consider the sentence it gave as necessary to reduce the risk of recidivism. In light of Wilson's criminal history and the reasons given by the District Court for the sentence, we cannot say that the sentence was greater than necessary to promote the purposes set forth in § 3553(a). The sentence is, in fact, at the bottom of the Guidelines range, and "[w]e have recognized that [] sentences … within the Guidelines range are more likely to be reasonable than those that fall outside." *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007) (citations omitted). In short, we see no procedural or substantive error in the sentence.

## III. Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court.