**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

18-2844
_____

UNITED STATES OF AMERICA

v.

RUBEN COTTO, JR.,
                                        Appellant
_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 5-16-cr-00203-001)
Honorable Lawrence F. Stengel, Retired U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 9, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*


_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Ruben Cotto, Jr. appeals his conviction for production of child pornography, arguing that the District Court erred in denying his motion to dismiss the indictment for outrageous government conduct. He also challenges two conditions of his sentence. We will affirm the District Court's denial of Cotto's motion and vacate the two conditions.

## I.    Background

Cotto was arrested after initiating an online chat with an undercover detective who had posted on a forum "frequented by [people] with a sexual interest in children and in incest." Appellee's Br. 5. During the messaging, in which the detective represented that he too had a "daughter," Cotto told the detective that he had engaged in sexual acts with his two-year-old daughter and that he would send explicit pictures of her later. Appellee's Br. 6 (citing Sealed App. 210–11). Concerned Cotto might use the occasion to produce pictures, the detective left the conversation. Two hours later, Cotto revived the chat by volunteering a photograph of an exposed child. When the detective received a contemporaneous photograph, confirming the child was in danger at that moment, he activated his task force to locate Cotto, while he continued messaging him to collect additional information for the investigation. During this conversation, Cotto sent more photographs and also requested multiple times for the detective to send him pictures of the detective's purported daughter in return.

Cotto was charged with production, distribution, and possession of child pornography under 18 U.S.C. §§ 2251(a), (e), 2252(a)(2), (a)(4). After the District Court denied his motion to dismiss the indictment on the grounds of outrageous government

2

conduct, Cotto pled guilty to the charges.[1] He was sentenced to the mandatory minimum sentence of 180-months' imprisonment, a $5,000 special assessment under the Justice for Victims of Trafficking Act, and ten years of supervised release, with, among other conditions, the special condition that he "submit to a sex-offender assessment which may include the use of specific assessment tools, including . . . a plethysmograph . . . ." Appellant's Br. 12 (quoting Sealed App. 284). Cotto timely appealed.

## II.    Discussion[2]

Cotto argues on appeal that the District Court should have granted his motion to dismiss the indictment and that the $5,000 special assessment and authorization of plethysmograph testing should be vacated. We address these arguments in turn.

### A.    Outrageous Government Conduct

Cotto posits that the government acted outrageously by inciting and acquiescing in the production of child pornography. We disagree. Because this is a constitutional due process challenge, we exercise plenary review over the District Court's legal conclusions. *United States v. Voigt*, 89 F.3d 1050, 1064 (3d Cir. 1996).

Government conduct warrants the dismissal of an indictment when it is "so outrageous" as to be "shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 431–32 (1973) (internal quotation marks and citation omitted).

---

[1] As Cotto notes on appeal, Count 1 charges Cotto with a violation of 18 U.S.C. § 2251(a), (e), but the judgment lists Count 1 as charging a violation of 18 U.S.C. § 2252(a), (e). On remand, the District Court is instructed to correct this clerical error.

[2] The District Court had jurisdiction under 18 U.S.C § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

This defense rarely succeeds, as we are "extremely hesitant to find law enforcement conduct so offensive that it violates the Due Process Clause." *Voigt*, 89 F.3d at 1065; *see, e.g.*, *United States v. Barbosa*, 271 F.3d 438, 472 (3d Cir. 2001) (finding an investigation where the defendant was induced to swallow and smuggle cocaine at the risk of his life was not outrageous). Though the doctrine is still alive in this Circuit, it is "hanging by a thread." *United States v. Nolan-Cooper*, 155 F.3d 221, 230 (3d Cir. 1998). We have only once dismissed an indictment for outrageous government conduct, *see United States v. Twigg*, 588 F.2d 373, 376, 380 (3d Cir. 1978) (accepting the defense because a government agent was "completely in charge of the entire [drug] laboratory," supplying materials, providing a location and "specific[ally] directi[ng]" the actual manufacturing), and since then we have effectively limited *Twigg* to its own facts, *see, e.g.*, *Nolan-Cooper*, 155 F.3d at 234 n.8 (distinguishing *Twigg* and noting that "this is not a case where law enforcement created new crimes solely for the sake of bringing charges against a suspect who was lawfully minding her own affairs"); *United States v. Ward*, 793 F.2d 551, 554 (3d Cir. 1986) (noting that even facts "quite similar to those in *Twigg*" may be found insufficient to dismiss the indictment).

Cotto argues that the Government's conduct was outrageous because it "incited" Cotto to produce child pornography. Appellant's Br. 22. But the detective's messages do not come close to the level of participation and "specific direction" required by the outrageous conduct doctrine. *Twigg*, 588 F.2d at 381. Having carefully reviewed the record of this case, including transcripts of the proceedings and the presentence report, we perceive no direction or instruction by the detective that could be construed as

4

facilitation. Instead, the record reflects that the detective used reasonable strategies to confirm a child was in danger and collect evidence for the investigation.

Nor was the detective's purported "acquiescence" in the production of child pornography sufficient to dismiss the indictment. Appellant's Br. 27. This argument has uniformly failed in cases involving child pornography. *See United States v. Anzalone*, 923 F.3d 1, 6 (1st Cir. 2019) (declining to dismiss an indictment for outrageous conduct where the FBI ran a child-pornography website for two weeks after seizing control of it instead of promptly shutting it down); *United State v. Kienast*, 907 F.3d 522, 531 (7th Cir. 2018) (same); *United States v. Kim*, No. 16-CR-191 (PKC), 2017 WL 394498, at *4 (E.D.N.Y. Jan. 27, 2017) (collecting cases finding the same). And in a series of cases involving the government's distribution of already-produced child pornography, we and other Circuits have found that such conduct is not outrageous. *See United States v. Osborne*, 935 F.2d 32, 37 (4th Cir. 1991) (holding the government's mailing of child-pornography material to the defendant in order to issue a search warrant was not outrageous); *United States v. Duncan*, 896 F.2d 271, 277 (7th Cir. 1990) (same); *United States v. Musslyn*, 865 F.2d 945, 947 (8th Cir. 1989) (same); *United States v. Driscoll*, 852 F.2d 84, 85–87 (3d Cir. 1988) (same).

In short, though this type of government operation may sometimes "fall[] close to the line" of outrageous conduct, it is generally insufficient, as it is here, to merit the dismissal of an indictment. *Anzalone*, 923 F.3d at 6. As the Seventh Circuit put it, an argument like Cotto's is "itself more than a little outrageous," as the defendant "seeks to shield himself from prosecution because the child[] he victimized [was] allegedly

5

victimized by someone else too." *Kienast*, 907 F.3d at 531. In light of the doctrine's high bar and the lack of participation by the government in the actual production of the images, we will affirm the denial of the motion to dismiss the indictment.

## B. Special Assessment

Cotto argues, and the Government concedes, that the District Court erred in imposing a $5,000 special assessment under the Justice for Victims of Trafficking Act. Because Cotto did not preserve this issue at sentencing, we review for plain error.[3] *See United States v. Holmes*, 193 F.3d 200, 205 (3d Cir. 1999). Under 18 U.S.C. § 3014(a)(3), a special assessment applies to "any non-indigent person" convicted of an offense "relating to sexual exploitation and other abuse of children." At sentencing, the District Court found "that [Cotto] is indigent," Appellee's Br. 34–35 (quoting Sealed App. 284–85), and adopted the presentence report's findings that Cotto has large debts and no assets.

Given the express statutory language, applying the assessment to an indigent defendant was a "clear" and "obvious" error. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). And because a special assessment is a "punishment" that affects substantial rights, *United States v. Tann*, 577 F.3d 533, 539 (3d Cir. 2009), its erroneous

---

[3] To prevail on plain-error review, Cotto must show that "(1) there was an error; (2) the error was plain; (3) the error prejudiced or affect[ed] substantial rights; and (4) not correcting the error would seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Greenspan*, 923 F.3d 138, 147 (3d Cir. 2019) (alteration in original and internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732, 734–36 (1993)). Our determination on the fourth prong is discretionary; "[e]ven if an error satisfies the first three prongs, we may correct the error but need not do so." *Id.* (citing *Olano*, 507 U.S. at 735).

imposition "affect[ed] the fairness and integrity of this proceeding," and thus constituted plain error, *United States v. Cesare*, 581 F.3d 206, 209 (3d Cir. 2009). Accordingly, we will vacate the special assessment.

### C. Plethysmograph Testing

Cotto also argues—and on this record, the Government again concedes—that the District Court erred in authorizing plethysmograph testing ("PPG testing") as a condition of his supervised release without making the necessary findings under 18 U.S.C. § 3583.[4] Cotto did not object to this condition of supervised release at sentencing, so we again review for plain error. *United States v. Voelker*, 489 F.3d 139, 143 n.1 (3d Cir. 2007).

Under 18 U.S.C. § 3583, courts may impose conditions of supervised release specific to the offense upon considering certain factors under 18 U.S.C. § 3553, including the "nature and circumstances of the offense," the "history and characteristics of the defendant," *id.* § 3553(a)(1), and the public need for the condition, *id.* § 3553(a)(2). The condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to deter crime, protect the public, and effectively treat the defendant. *Id.* § 3583(d)(2). PPG testing "implicates a particularly significant liberty interest" and requires a "thorough, on-the-record inquiry" into whether it is reasonably necessary in light of the defendant's characteristics and circumstances. *United States v. Weber*, 451 F.3d 552, 563, 568 (9th Cir. 2006); *see also United States v. McLaurin*, 731 F.3d 258, 263 (2d Cir.

---

[4] Given our disposition, we do not reach Cotto's argument that PPG testing is invalid "across the board" as a violation of substantive due process. Appellant's Br. 44.

2013) (requiring district courts to make "sufficiently informative and defendant-specific" findings on the necessity of PPG testing in each case).

The District Court made no inquiry into whether Cotto's characteristics "reasonably necess[itate]" the bodily intrusion attendant to PPG testing, as required under 18 U.S.C. § 3583(d)(2). To the contrary, the District Court found Cotto's risk of recidivism to be low, and it varied below the Sentencing Guidelines in part because of this low risk of recidivism. As the Government concedes, those rulings support the notion that Cotto's "history and circumstances" do not necessitate PPG testing, Appellee's Br. 38, and it was plain error to authorize it absent findings of its necessity as a condition of supervised release for this defendant, *Voelker*, 489 F.3d at 154; *see United States v. Velez-Luciano*, 814 F.3d 553, 565 (1st Cir. 2016) (finding plain error where the government conceded that PPG testing was erroneously imposed and "no countervailing evidence or explanation" supported its imposition) .

Accordingly, because the District Court provided no on-the-record justification for imposing PPG testing and explicitly found that Cotto presents a low risk of recidivism and because the Government agrees that "it would be appropriate to exclude PPG testing from the condition[s of supervised release] for this defendant," Appellee's Br. 38, we will instruct the District Court on remand to exclude this condition of Cotto's supervised release.[5]

---

[5] While we recognize that remand to allow a district court to reconsider the imposition of PPG testing after making the necessary factfinding is sometimes appropriate, *see, e.g.*, *Velez-Luciano*, 814 F.3d at 565 (vacating PPG testing and remanding for the District Court to make findings on the record before reimposing it);

8

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's denial of the motion to dismiss the indictment, vacate the special assessment under the Justice for Victims of Trafficking Act, and instruct the District Court to exclude PPG testing as a condition of Cotto's supervised release and to correct the clerical error in the judgment.  The sentence is affirmed in all other respects.

---

*United States v. Cope*, 527 F.3d 944, 955–56 (9th Cir. 2008) (same); *Coleman v. Dretke*, 395 F.3d 216, 225 (5th Cir. 2004) (same), this is not such a case, as the District Court already determined that Cotto's risk of recidivism is low and the Government agrees that such testing would be inappropriate.