**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3813

_____

UNITED STATES OF AMERICA

v.

LEONARD GIBBONS,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:16-cr-00037-001)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 15, 2024

Before: RESTREPO, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: April 11, 2025)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not
binding precedent.

In 2015, appellant Leonard Gibbons robbed two banks, the second one at gunpoint. He was convicted of, *inter alia*, two counts of bank robbery, armed bank robbery, and possession by a convicted felon under 18 U.S.C. § 922(g). Gibbons raises two issues on appeal. First, he argues the failure to charge and prove the knowledge-of-felon-status element of his § 922(g)(1) offense—as later recognized by *Rehaif v. United States*, 588 U.S. 225 (2019)—constituted reversible error. Second, he asserts his convictions for both the greater and lesser-included offenses of bank robbery under 18 U.S.C. § 2113 subjected him to multiple punishments for the same offense. For the following reasons, we will affirm the judgment of conviction for the § 922(g) violation, and will vacate one of the judgments for bank robbery under § 2113(a).

## I.

Between 1982 and 2010, Gibbons committed multiple felonies for which he was sentenced to—and served—more than one year in prison. These included convictions for crimes such as armed bank robbery and aggravated assault, criminal conspiracy to commit bank robbery, resisting arrest and crack-cocaine possession, and drug trafficking. In one instance, a few days after his 1993 arrest for drug trafficking, he committed a series of offenses in a Magistrate Judge's courtroom where he obtained a firearm, held it to a constable's head, escaped custody, and took a hostage before his arrest. For these actions, he received six to fifteen years' imprisonment for robbery and one to two years for escape.

In 2015, Gibbons robbed two banks located in communities near Pittsburgh, Pennsylvania. In July, he robbed the first bank by handing a note with the word "money"

on it to two tellers and demanded that they hand over cash within one minute. Gibbons, who wore a disguise consisting of a black wig, black beard and cane, walked out of the bank with $7,828 in cash. In November, he robbed a second bank by demanding money from two tellers at gunpoint. Again wearing the black wig and beard, Gibbons left the bank with $3,971 in cash. Gibbons was apprehended that same day after a high-speed car chase and his attempts to flee on foot. A later search of his car revealed items from his disguise, approximately $2,400 in cash, and a 9mm pistol.

The charges and convictions relevant to this appeal stem from the second bank robbery, committed in November 2015. In March 2016, a federal grand jury returned a five-count indictment charging Gibbons with, among other offenses, bank robbery in violation of 18 U.S.C. § 2113(a) (Count Two); armed bank robbery in violation of § 2113(d) (Count Three); and possession of a firearm by a convicted felon in violation of §§ 922(g)(1) and 924(e) (Count Four). Specifically, Count Four charged that, at the time of the November 2015 robbery, Gibbons had already been convicted of seven crimes punishable by imprisonment for a term exceeding one year.

During deliberations on the other counts, the jury answered interrogatories related to Count Four: whether he knowingly possessed a Hi-Point pistol, whether any such possession was in or affecting interstate commerce, and whether he brandished the firearm in a crime of violence. The jury returned a guilty verdict on each of the other counts and answered the interrogatories affirmatively. The District Court then charged the jury on the elements of a § 922(g) offense as they were understood at the time: (1) that the defendant had been convicted of a felony, (2) that after this conviction, the defendant knowingly

3

possessed a firearm, and (3) that the firearm was in or affected interstate or foreign commerce. Gibbons entered an *Old Chief* stipulation, confirming the existence of a prior felony conviction. *See Old Chief v. United States*, 519 U.S. 172 (1997); The Court explained to the jurors that, because the interrogatories had been answered affirmatively, a guilty verdict under § 922(g) required only a finding beyond a reasonable doubt that "Gibbons was in fact convicted of a crime" punishable by imprisonment for more than one year and that "the conviction was prior to the possession of the weapon as charged in [the] indictment." Appx. 440–41. The jury returned a guilty verdict on Count Four. The District Court imposed a composite sentence of 22 years imprisonment followed by five years supervised release. Relevant to this appeal are the two concurrent terms of 15 years' imprisonment for Counts Two and Three, the greater and lesser-included offenses stemming from the November 2015 bank robbery.

Gibbons filed a timely notice of appeal. Since that filing, the United States Supreme Court clarified that a conviction under § 922(g) requires the government to prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the *relevant category of persons* barred from possessing a firearm." *Rehaif v. United States*, 588 U.S. 225, 237 (2019) (emphasis added). The indictment and the District Court's instructions to the jury did not include this new knowledge-of-felon-status requirement for the § 922(g) offense.

II. [1]

*A.      18 U.S.C. § 922(g) Offense (Count Four)*

Because Gibbons did not preserve his claim of legal error, we review for plain error. *United States v. Adams*, 36 F.4th 137, 144 (3d Cir. 2022). A defendant "must meet 'three threshold requirements': (1) there was an error; (2) that error was plain; and (3) it affected his 'substantial rights.'" *Id.* (quoting *Greer v. United States*, 593 U.S. 503, 507 (2021)). To satisfy the "substantial rights" prong, a defendant must show that "there is 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Greer*, 593 U.S. at 504 (quoting *Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018)). This prong also requires Gibbons to show that "if the District Court had correctly advised him of the [mens rea] element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Even if these three requirements have been met, we will grant relief "only if 'the error had a serious effect on the fairness, integrity or public reputation of the judicial proceedings.'" *Adams*, 36 F.4th at 152 (quoting *Greer*, 593 U.S. at 504).

Here, we agree with Gibbons that *Rehaif* errors occurred during the district court proceedings and that those errors were plain. However, Gibbons cannot meet the third prong of plain error review; that is, there is not a reasonable probability that this error affected his substantial rights. The Supreme Court in *Greer* clarified that a court "may

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

consider the *entire* record—not just the record from the *particular proceeding* where the error occurred" in evaluating a *Rehaif* objection on plain-error review. 593 U.S. at 511. A felon "faces an uphill climb in trying to satisfy the substantial-rights [i.e., third] prong of the plain-error test" because the fact of a felony conviction is itself persuasive evidence of mens rea. *Id.* at 508; *see also id.* at 509 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."). Likewise, our Court has clarified that "*Greer*, in effect, created a presumption that the 'knowledge-of-status' element is satisfied whenever [an 18 U.S.C.] § 922(g)(1) defendant is, in fact, a felon." *Adams*, 36 F.4th at 152. To overcome that presumption, a defendant "must make a 'sufficient argument . . . that he would have presented evidence at trial that he did not in fact know he was a felon.'" *Id.* (quoting *Greer*, 593 U.S. at 514).

Gibbons has not overcome the presumption. He had been convicted of multiple felonies—many of them for violent offenses—prior to the instant felon-in-possession offense. When looking at the entire record, Gibbons' prior convictions are substantial and persuasive evidence that he knew he was a felon when he used the pistol to commit the November 2015 robbery. In *Adams*, this Court rejected the argument that a defendant with four prior felonies—who had not served more than a full year in prison—was ignorant of his felon status. *See Adams*, 36 F.4th at 152–53. By the time of trial, Gibbons had served multiple prison terms of more than a year, making it implausible that he was unaware of his status. Moreover, although *Greer* was decided *after* Gibbons' trial, the argument that he did not know he was a felon was available to him. His failure to raise and corroborate this argument, especially in his post-*Greer* filings, further undermines any claim of

6

ignorance regarding his status. Thus, we cannot say there is a reasonable probability that, but for the error, the outcome of the proceeding would have been different.

        B.        *18 U.S.C. § 2113(a) Offense (Count Two)*

Gibbons correctly notes that bank robbery in violation of 18 U.S.C. § 2113(a) (Count Two) is a lesser-included offense of armed bank robbery in violation of § 2113(d) (Count Three). As this Court has stated:

> The federal bank robbery statute makes each aspect of a bank robbery a separate offense. Therefore, bank robbery, 18 U.S.C. § 2113(a), is a lesser included offense of armed bank robbery, 18 U.S.C. § 2113(d). Because each count charged a crime defined by the statute, the District Court erred by imposing separate sentences for each—even though it ordered the terms of imprisonment to be served concurrently.

*United States v. Cesare*, 581 F.3d 206, 207 (3d Cir. 2009).

Thus, imposing "two separate special assessments . . . constitute[s] impermissible double punishments and, as such, offend[s] double jeopardy." *Id.* at 208 (remanding the case with instructions to vacate the lesser-included conviction); *see also United States v. Beckett*, 208 F.3d 140, 149 (3d Cir. 2000) ("[T]he District Court erred by sentencing him concurrently on both the charge of armed bank robbery under 18 U.S.C. § 2113(d), and on the lesser included offense of robbery under 18 U.S.C. § 2113(a).").

Here, the District Court sentenced Gibbons to concurrent sentences of fifteen years at Counts Two and Three, and imposed a special assessment of $100 at each count. We agree with Gibbons and the government that this constitutes a constitutional error. Consistent with our precedent in *Cesare*, we will vacate the conviction and sentence of the lesser-included offense at Count Two and otherwise affirm the judgment.

III.

For the foregoing reasons, we will vacate the judgment of conviction for Count Two and remand for re-sentencing as to that count. We will affirm the judgment of conviction for the remaining counts.