

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-1995

# United States of America v. DeLeon-Rodriguez

Precedential or Non-Precedential:

Docket 95-1299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"United States of America v. DeLeon-Rodriguez" (1995). *1995 Decisions.* Paper 301.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 95-1299

———————

UNITED STATES OF AMERICA

v.

JESUS RHADAMES DELEON-RODRIGUEZ

Jesus Rhadames-Rodriguez,
Appellant

————————————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 94-cr-00447)

———————————

Argued October 19, 1995

Before: SCIRICA, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed November 30, 1995)

DAVID L. McCOLGIN, ESQUIRE (ARGUED)
ELAINE DeMASSE, ESQUIRE
Defender Association of Philadelphia
Federal Court Division
Lafayette Building, Suite 800
437 Chestnut Street
Philadelphia, Pennsylvania 19106-2414

Attorneys for Appellant


TIMOTHY S. SUSANIN, ESQUIRE (ARGUED)
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

Attorney for Appellee

1

———————————

OPINION OF THE COURT

———————————

SCIRICA, Circuit Judge.

The central issue in this criminal appeal is whether 8 U.S.C. § 1326(b)(2) makes a prior conviction for an aggravated felony an element of the offense, requiring proof for conviction, or whether it is a penalty enhancement provision under 8 U.S.C. § 1326(a), which sets forth the elements of the offense.

I.

On May 14, 1990, Jesus Rhadames DeLeon-Rodriguez, a citizen of the Dominican Republic, was convicted of delivery of cocaine in the Court of Common Pleas of Berks County, Pennsylvania and sentenced to eighteen to sixty months imprisonment. As a result of his conviction he was deported to the Dominican Republic on May 17, 1991.

On July 28, 1994 Rodriguez was again arrested in Berks County on drug related charges. After notification by the local police, the Immigration and Naturalization Service interviewed Rodriguez about his immigration status. During the interview Rodriguez admitted he had been deported in 1991 and that he had illegally reentered the United States in 1993 by boat at San Juan, Puerto Rico. After receiving Miranda warnings, Rodriguez invoked his right to counsel and no further questions were asked.

3

Rodriguez was charged by the government with illegal reentry after deportation in violation of 8 U.S.C. § 1326(b)(2) (1994), which provides:

> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . .
>     (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.[1]

---

[1]1.  8 U.S.C. § 1326 (1994) provides:

    (a) Subject to subsection (b) of this section, any alien who—
        (1) has been arrested and deported or excluded and deported, and thereafter
        (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter of any prior Act,
      shall be fined under Title 18, or imprisoned not more than 2 years, or both.
    (b)  Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection —
        (l)  whose deportation was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title l8, imprisoned not more than l0 years, or both; or
        (2)  whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

4

Rodriguez was convicted at a bench trial and sentenced to seventy-two months imprisonment.[2] This appeal followed. We have jurisdiction under 28 U.S.C. § 1291, as well as 18 U.S.C. 3742(a). United States v. Shoupe, 988 F.2d 440 (3d Cir. 1993).

## II.

The principal question raised in this appeal is whether a prior conviction for an aggravated felony is an element of 8 U.S.C. § 1326(b)(2) or simply a condition triggering an enhanced penalty. At trial, Rodriguez sought dismissal of his indictment for failure to state an offense, because it omitted what he claims is an essential element of the offense -- deportation subsequent to a conviction for an aggravated felony. The district court held this was not an element of the offense and denied the motion.[3] We exercise plenary review.

Several other circuits have already addressed this issue.[4] Of those, all but one has held that § 1326(b)(2) is a

---

[2]. At sentencing, the district court determined that Rodriguez had been deported after commission of an aggravated felony.

[3]. The district court also determined that Rodriguez's motion to dismiss the indictment based on this alleged defect was untimely. On appeal, the government did not argue timeliness or waiver. Fed. R. Crim. P. 12(f) vests a district court with general power to determine that a party has waived a right to object or raise a defense after having failed to advance it in a timely manner. Yet Fed. R. Crim. P. 12(b)(2) delineates two objections, or defenses, which "shall be noticed by the court at any time during the pendency of the proceedings"--a failure to show jurisdiction in the court and a failure to charge an offense. See United States v. Cury, 313 F.2d 337, 343 (3d Cir. 1963). In view of this, we believe the motion was timely.

[4]. In United States v. Eversley, 55 F.3d 870 (3d Cir. 1995), we explained "we need not address the question ... whether §1326(b)(1) and (2) constitute sentence enhancement provisions rather than offenses distinct from § 1326(a)." Id. at 871 n.3.

sentencing enhancement provision.  See United States v. Palacios-Casquete, 55 F.3d 557, 559 (11th Cir. 1995), *petition for cert. filed* (Sept. 5, 1995) (No. 95-5849); United States v. Munoz-Cerna, 47 F.3d 207, 210 n.6 (7th Cir. 1995) ("the better view is that the subsections [of § 1326] are sentence enhancements); United States v. Cole, 32 F.3d 16, 18 (2d Cir.), *cert. denied*, 115 S. Ct. 497 (1994); United States v. Crawford, 18 F.3d 1173, 1177 (4th Cir.), *cert. denied*, 115 S. Ct. 171 (1994); United States v. Forbes, 16 F.3d 1294, 1297-30 (1st Cir. 1994); United States v. Vasquez-Olvera, 999 F.2d 943, 945 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 889 (1994); but see United States v. Campos-Martinez, 976 F.2d 589 (9th Cir. 1992).  Upon examining the language and structure of § 1326(b), we too are convinced it is a sentencing enhancement provision rather than an offense distinct from § 1326(a).

Section 1326(a) sets out the elements of the offense (arrest, deportation, and re-entry) and certain penalties (fine and two-year maximum imprisonment), while subsection (b)(2) sets forth no elements but only provides for stiffer penalties based on criminal history (after conviction of an aggravated felony). Section 1326(b) itself sets forth no elements of an offense.[5] The language and structure make clear that § 1326 is a sentencing enhancement provision only.

The Court of Appeals for the Second Circuit shares our view that the structure of § 1326 as a whole demonstrates that

---

[5]5.  Section 1326(b) is set out in full in footnote 1.

6

§1326(b) is an enhancement provision. <u>United States v. Cole</u>, 32 F.3d at 18. The Courts of Appeals for the Fourth and Fifth Circuits reached the same conclusion under a "plain language" analysis of § 1326. <u>Crawford</u>, 18 F.3d at 1177; <u>Vasquez-Olvera</u>, 999 F.2d at 945.

In addition, the title assigned to § 1326 supports the view that it outlines a single offense with varying penalties. Before the 1988 amendments, the section was entitled "Reentry of deported alien;" after the amendments, it reads ""Reentry of deported alien; criminal penalties for reentry of certain deported aliens." 8 U.S.C. § 1326. As the Fourth Circuit explained, "[t]his change in title indicates that, by amending §1326, Congress intended to create enhanced penalties for 'certain' aliens who commit the underlying offense of unlawfully reentering the United States after having been previously deported, not to create a separate substantive offense." <u>Crawford</u>, 18 F.3d at 1177; <u>see</u> <u>also</u> <u>Vasquez-Olvera</u>, 999 F.2d at 945; <u>Palacios-Casquete</u>, 55 F.3d at 560 (looking to "evolution of § 1326 through its various amendments" to conclude it defines one substantive crime).

The Court of Appeals for the First Circuit also construes § 1326(b) as an enhancement provision, but relies principally on a public policy argument. Referring to evidentiary rules and decisional law, the court found strong policy reasons to exclude or limit information about prior convictions at trial, citing the possibility of undue prejudice. Interpreting § 1326(b) to require proof at trial of conviction of

7

a prior offense would contravene this principle. In the absence of explicit congressional direction, the court explained it was "reluctant to impose that burden on defendants." Forbes, 16 F.3d at 1300.

Only the Court of Appeals for the Ninth Circuit has reached the conclusion that § 1326(b)(2) is not an enhancement provision. The first appellate court to consider the question, it found the different subsections of 8 U.S.C. § 1326 delineate separate offenses, the elements of which must be proven at trial, not just at sentencing. See, e.g., United States v. Arias-Granados, 941 F.2d 996 (9th Cir. 1991); United States v. Gonzales-Medina, 976 F.2d 570 (9th Cir. 1992); United States v. Campos-Martinez, 976 F.2d 589 (9th Cir. 1992). While two earlier Ninth Circuit panels reached this conclusion without explanation, in United States v. Campos-Martinez, the Ninth Circuit set forth the reasons for its holding. Although citing the precedent of Arias-Granados, the court relied on its interpretation of 8 U.S.C. § 1325 as a guide in interpreting § 1326.[6] Section

_____

[6]. 8 U.S.C. § 1325(a) (1994) provides:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined

8

1325(a) makes illegal entry a crime with a maximum sentence of six months imprisonment. The same section provides that illegal entry after a previous conviction for illegal entry is a separate crime with a maximum two year sentence. Campos-Martinez, 976 F.2d at 591. The court found that because "[s]ections 1325 and 1326 are similar in structure, operation, purpose, and subject matter . . . section 1325 provides the best analogy" available in interpreting § 1326, and therefore § 1326 ought to be understood as delineating distinct offenses. Id. at 592.

We are not convinced. Instead, like the Second, Fourth and Fifth Circuits, we believe the language and structure of § 1326 establish that § 1326(b)(2) is a sentencing enhancement provision rather than an offense distinct from § 1326(a). We will affirm the district court's denial of Rodriguez's motion to dismiss the indictment on the grounds it failed to state an offense.

### III.

Rodriguez contends the district court should have granted him a reduction in his offense level for having "accepted responsibility," under U.S.S.G. § 3E1.1.(a)(1994), which permits a reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."

Whether a defendant has "accepted responsibility" is a factual matter and is reviewed under a "clearly erroneous" standard. See United States v. Rodriguez, 975 F.2d 999, 1008

---

under Title 18, or imprisoned not more than 2 years, or both.

9

(3d Cir. 1992).  "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review."  Application Note 5 to U.S.S.G. § 3E1.1.

A defendant bears the burden of establishing by a preponderance of the evidence that a reduction under this provision is warranted.  Rodriguez, 975 F.2d at 1008.  Rodriguez advanced several factors to support his request for an offense level reduction.  Looking to his pretrial conduct, Rodriguez characterizes his interview with the INS agent as a "confession."  Brief for Appellant at 4.  As for his subsequent conduct, he contends that at trial he "did not contest any of the factual allegations of the government . . . did not deny or even move to suppress [his] confession, and . . . did not present any evidence."  Brief for Appellant at 5.  Moreover, Rodriguez characterizes his objections during trial as "purely legal ones," and points to his limited cross-examination of the government's witnesses.  Also, near the end of the trial, Rodriguez sought to enter a Zudick guilty plea, conditioned on a determination of a preserved appellate issue.  United States v. Zudick, 523 F.2d 848, 851 (3d Cir. 1975).  Overall, Rodriguez contends he effectively left unchallenged the government's case against him and contested only selected legal issues but not the central fact of the case -- that he had illegally reentered the United States after deportation.

10

The district court disagreed. It found that Rodriguez's brief initial statements during the interview with the INS agent did not manifest an acceptance of responsibility. Furthermore, the court found the government was "put to the test in its offering of evidence." Among other challenges, Rodriguez contested the testimony of the police officer who found him in the United States subsequent to deportation; questioned the relevance of the government's evidence on INS deportation procedures and the credibility of evidence in the INS file; cross-examined the government's witness about his personal knowledge of Rodriguez's deportation; attacked the quality and accuracy of the government's fingerprint evidence; and sought to exclude INS exhibits and documentary evidence which went to an essential element of the offense and to the heart of the prosecution's case.

After examining the record we find no error. Application Note 2 to § 3E1.1 explains that a reduction is generally not meant to apply to a defendant who puts the government to its burden of proof at trial. While the Application Note adds that "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction," it suggests that a reduction should be granted only in "rare situations," such as when a "defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." The district court found that Rodriguez "contested his factual guilt

11

. . . beyond a mere legal challenge."  Appendix at 136a. We agree.

### IV.

We will affirm the judgment of conviction and sentence.