

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2002

# USA v. Padilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Padilla" (2002). *2002 Decisions.* Paper 516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 00-3752/00-4255


UNITED STATES OF AMERICA

v.

ROQUE PADILLA
a/k/a
RAFAEL CRUZ
RAFAEL PEVALTA


Roque Padilla,

Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00012-1)
District Judge: Honorable Franklin S. VanAntwerpen


Submitted Under Third Circuit LAR 34.1(a)
on March 22, 2002

Before: ROTH, NYGAARD
and AMBRO, Circuit Judges

(Opinion filed : August 16, 2002 )


O P I N I O N


ROTH, Circuit Judge:

Roque Padilla pled guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. 846, and to distribution of crack cocaine and possession of cocaine with intent to distribute both in violation of 21 U.S.C. 841. While awaiting his sentence on the above plea, Padilla testified as a defense witness for his two co-conspirators. The District Court conducted a hearing on whether Padilla had committed perjury and obstructed justice when he testified, thus forfeiting his sentencing guideline reduction for accepting responsibility. The District Court found that Padilla had obstructed justice and

that a two-level sentencing enhancement was appropriate.

Padilla now appeals the District Court's finding. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. 3231. We have appellate jurisdiction pursuant to 28 U.S.C. 1291.

Because it is a factual matter of whether a defendant has "accepted responsibility," our standard of review for such a case is the clearly erroneous standard. United States v. DeLeon-Rodriquez, 70 F. 3d 764, 767 (3d Cir. 1995). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Id. (citing Application Note 5 to U.S.S.G. 3E1.1). Furthermore, it is the burden of the defendant to show that by a preponderance of the evidence a reduction under U.S.S.G. 3C1.1 is warranted. See United States v. Rodriguez, 975 F. 2d 999, 1008 (3d Cir. 1992).

U.S.S.G. 3C1.1 provides that if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during th investigation, prosecution, or sentencing of the instant offense, an increase in the offe level by two levels is appropriate." After conducting a hearing on such potential violation, the District Court judge determined that Padilla's testimony was perjurious ar therefore a two level sentencing enhancement was appropriate.

For a trial court to find that perjury has occurred, it must find: (1) that the defendant gave false testimony; (2) concerning a material matter; and (3) with the intent to provide false testimony. The District Court judge determined that Padilla's testimony met all the requirements of perjury. The judge concluded that "all three defendants ... were willfully untruthful in their testimony at trial with respect to material matters designed to substantially affect the outcome of their case."

Based on the foregoing reasons, we do not find that the District Court's issuance of a sentencing enhancement was clearly erroneous. We will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court

/s/ Jane R. Roth
Circuit Judge