NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1182
_____

UNITED STATES OF AMERICA

v.

RONALD BASSETT,
*Appellant*

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cr-00447-003)
District Judge:  Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

Before:  MCKEE, *CHIEF JUDGE*, FUENTES, and SLOVITER, *Circuit Judges*

(Filed: January 21, 2014)
_____

O P I N I O N
_____

SLOVITER, *Circuit Judge*.

Ronald Bassett (Bassett) appeals the District Court's sentence. Because Bassett has failed to demonstrate an actual conflict of interest that adversely affected his trial counsel's performance, and the District Court did not commit clear error in concluding that Bassett intended to obstruct justice or in denying a downward adjustment for acceptance of responsibility, we will affirm the judgment of the District Court.[1]

Bassett was involved in a heroin-trafficking conspiracy which operated in New Jersey, Pennsylvania, and New York, and was arrested on November 5, 2010. On June 23, 2011, a federal grand jury returned a two-count indictment against Bassett and his codefendants. The indictment charged that from April 1, 2009 through April 5, 2010, the defendants conspired to distribute and possessed with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i) and 21 U.S.C. § 846 (Count I); and distributed and possessed with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(I) and 18 U.S.C. § 2 (Count II). Bassett pled guilty to Count I, and the Government dismissed Count II. On June 22, 2012, Bassett and his counsel,[2] had a presentence interview with an officer of the United States Probation Office ("Probation").

At sentencing on January 9, 2013, the District Court applied an enhancement for obstruction of justice and denied a reduction for acceptance of responsibility. Bassett

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 18 U.S.C. § 3742(a).
[2] Bassett has retained different counsel on appeal.

timely appeals. Bassett argues that his sentence should be vacated because (1) he received ineffective assistance of counsel; (2) his counsel failed to withdraw from representation, and the District Court failed to disqualify his counsel, when it became obvious that counsel ought to be a witness for Bassett at sentencing; and (3) the District Court improperly imposed a two-level enhancement for obstruction of justice and denied Bassett's request for a downward adjustment for acceptance of responsibility.

We decline to address Bassett's ineffective assistance of counsel claim on direct appeal because such a claim must be presented in a motion under 28 U.S.C. § 2255. This court has previously held that "an actual conflict of interest claim, like other types of ineffective assistance of counsel claims, is generally not cognizable in the first instance on direct appeal." *United States v. Morena*, 547 F.3d 191, 198 (3d Cir. 2008). Rather, "[s]uch claims are better reserved for 28 U.S.C. § 2255 actions" which allow for factual development of the claim. *Id.*; *see also Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984). Ineffective assistance of counsel claims based on a conflict of interest are cognizable on direct appeal "[o]nly in the rare case where facts showing an actual conflict of interest are clear on the record, and no waiver of the right to conflict-free counsel was evident." *Morena*, 547 F.3d at 198 (citing *Zepp*, 748 F.2d at 133-34). However, "if there is any ambiguity on the record whether an actual conflict exists, this Court will abstain from addressing the claim on direct appeal." *Id.*

We find that the record is ambiguous as to whether there was a conflict. The Presentence Report (PSR) states that at the presentence interview, "[t]he defendant and counsel explained that there were a number of assets which were part of the parental

3

estate, which have not been disposed of, and remain in probate." PSR at ¶ 138. Bassett's November 14, 2012 presentence submission states that Basset, who had only an "elementary understanding of the legal terminology" of estates and trusts, made the statement. App. at 49. A written submission dated December 10, 2012, states that "[d]uring the interview, Mr. Bassett and counsel explained that various assets remained 'in probate.'" App. at 193. At the time of the interview, Bassett had in fact already inherited his mother's property. At sentencing, Bassett's attorney asserted that he—rather than Bassett—had characterized Bassett's mother's estate as in probate. In response, the District Court asked counsel if he "want[ed] to go to jail" with his client and cautioned counsel not to "go down that path." App. at 287. Counsel responded that he "[didn't] want to" and instead continued to argue that the term "in probate" was a term of art used by estate lawyers that a lay person would not understand. App. at 287-89.

The conversation between defense counsel and the District Court at sentencing could be read to indicate that a conflict had developed between Bassett and his counsel. However, in light of counsel's previous submissions to the District Court, defense counsel's statements at sentencing could also be seen as a last minute ill-advised attempt to assume blame. Furthermore, it is not sufficiently clear what the District Court meant when it asked counsel if he "want[ed] to go to jail" with his client for this court to find that a conflict existed. Thus, we find that the record is ambiguous as to whether there was a conflict, and we will decline to address this claim on direct appeal.

Bassett next claims that his sentence should be vacated because counsel failed to withdraw from the representation, and the District Court failed to disqualify counsel,

4

when it became obvious that counsel ought to be a witness for Bassett at sentencing. However, Bassett's sentence cannot be vacated because of alleged ethical breaches by his counsel. Rather, as discussed *supra*, Bassett must demonstrate that an actual conflict of interest adversely affected his counsel's performance. *See Nix v. Whiteside*, 475 U.S. 157, 165 (1986) ("[B]reach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel"); *see also Mickens v. Taylor*, 535 U.S. 162, 174 (2002).

Finally, Bassett challenges the District Court's imposition of a two-level enhancement for obstruction of justice and denial of Bassett's request for a downward adjustment for acceptance of responsibility. This court reviews a district court's factual findings relevant to the Guidelines for clear error. *United States v. West*, 643 F.3d 102, 105 (3d Cir. 2011); *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995).

We find that the District Court did not commit clear error in concluding that Bassett willfully withheld material information about his financial status and did not accept responsibility. Bassett contends that the District Court's determination is in error because it rests on a disputed issue of fact: whether it was Bassett himself or his counsel who made the comment about Bassett's mother's assets being "in probate." While that comment elicited a strong reaction from the District Court at sentencing, it was not the sole or even major piece of evidence on which the District Court relied.

The District Court observed that before the PSR became final, Bassett submitted a monthly cash flow statement which listed no income or expenses and failed to submit the required personal financial statement. Yet, when Bassett finally submitted his personal

5

financial statement, months after the PSR became final and by which time the Government and Probation had independently identified additional assets, the statement demonstrated that Bassett had substantial interests in properties and debts. The District Court also observed that at the time of the presentence interview Bassett had in fact inherited as the sole living survivor all the real and personal property of his mother, was a two-thirds owner in real estate valued at $223,000, and owned a tow truck that he failed to disclose. Finally, the District Court noted the recorded jail house conversations in which Bassett discussed commercial buildings he owned, and the recorded jail house conversation in which he said that he had a plan to take care of himself and his business partner for the rest of their lives. In sum, there exists extensive factual support for the District Court's conclusion that Bassett intended to obstruct justice by concealing his assets and for the District Court's denial of a downward adjustment for acceptance of responsibility. Because the District Court did not commit clear error, we will affirm.