**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1484

_____

UNITED STATES OF AMERICA

v.

IVAN LEE,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 2-13-cr-00056-002)
District Judge: Hon. Susan D. Wigenton

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 2, 2015

_____

BEFORE: McKEE, *Chief Judge*, JORDAN, and VANASKIE, *Circuit Judges*.

(Opinion Filed:  December 8, 2015)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge.*

Ivan Lee was charged with carjacking and brandishing a firearm in connection with a crime of violence. Although he pled guilty to the carjacking, he denied use of a firearm in connection with that crime and stood trial on those charges. The jury convicted him of one count of use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). He was thereafter sentenced to a period of imprisonment of 168 months. He now appeals his conviction and sentence. For the reasons that follow, we will affirm.[1]

I.

A.

Because we write for the parties who are familiar with the facts and procedural history, we set forth only those facts necessary to our conclusion. During direct examination, the government offered testimony from the victim, Fatimah Hamden, and Detective Post. They testified about the circumstances under which Post showed Hamden photographs of individuals. When Post showed her these images, Hamden told him that she recognized one of the individuals in the photographs based on his eyes. However, on cross examination, Hamden clarified that she never identified the defendants as the perpetrators.

The government then asked Post about the photographs shown to Hamden. Post stated that he showed Hamden the photographs to give her "some closure." On re-direct, the government further probed Post: "when you played subsequent showings of

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 (2012).

2

photographs to Miss Hamden, without telling us what she said, did she make indications as it related to his eyes?" To which Post replied, "when she looked at [Lee], she identified him through his eyes."

Lee contended these statements constituted an out-of-court identification, and he moved for a mistrial on that basis. In the alternative, he requested that the district court strike the identification statements from the record and provide a curative instruction. The district court denied the motion for a mistrial based on its conclusion that there had not been any identification. Nevertheless, the district court did strike the contested testimony about the eyes of the person in the photograph, and the court gave a curative instruction.

Lee now argues that Post's decision to show Hamden his photograph and tell her that the man pictured was the carjacker was an "impermissibly suggestive" identification procedure. Indeed, had the government tried to submit as an identification Post's decision to show Hamden a photograph of Lee while telling her the man pictured was her attacker, as Lee contends, we would agree that this raises due process concerns.

However, that is not what happened. Post testified that he showed Hamden the photograph to give her closure, not to solicit an identification, and the district court credited that testimony. Post never asked Hamden to look at a photo array or lineup because his past conversations with her—including one in which he showed her video surveillance footage of Lee and Darby using her credit cards right after the carjacking —established that she was "absolutely" unable to identify her attackers. Furthermore, the government never attempted to paint Post's display of the photographs to Hamden as an identification. Instead, the government solicited testimony from Post clarifying that he

3

had shown Hamden the photograph for the purposes of closure rather than identification.

Evidence of Detective Post's decision to show Hamden a photograph of Lee "for closure" was as irrelevant as it was odd. It was also unwise given the obvious risk of prejudice. Indeed, it is difficult to view the government's explanation for offering this evidence as anything less than disingenuous given the tenuous relevance of the "closure" evidence and the obvious need to establish the identity of the perpetrators. Nevertheless, the record supports the district court's finding that no identification occurred, and given the court's commendable caution in striking this troublesome testimony and giving a curative instruction, there was no abuse of discretion.

Thus, even if Hamden and Post's statements did create confusion regarding whether Hamden identified Lee, we still would not conclude that the district court abused its discretion in denying a mistrial. The court struck the testimony[2] and provided a forceful curative instruction.[3]

---

[2] When analyzing whether a witness's prejudicial statement necessitates a new trial, we examine three factors: "(1) whether [the witness's] remarks were pronounced and persistent, creating a likelihood they would mislead and prejudice the jury; (2) the strength of the other evidence; and (3) curative action taken by the district court." *United States v. Riley*, 621 F.3d 312, 336 (3d Cir. 2010) (alteration in original) (citing *United States v. Lore*, 430 F.3d 190, 207 (3d Cir. 2005)), *as amended* (Oct. 21, 2010); *United States v. Suggs*, 230 Fed. App'x. 175, 187 (3d Cir. 2007) (citing *Lore*, 430 F.3d at 207). A mistrial is not necessary where the improper remarks were harmless, "considering their scope, their relation to the context of the trial, the ameliorative effect of any curative instructions and the strength of the evidence supporting the conviction." *United States v. Rivas*, 493 F.3d 131, 140 (3d Cir. 2007). We review a denial of a motion for mistrial for abuse of discretion. *United States v. Franz*, 772 F.3d 134, 151 n.20 (3d Cir. 2014).

[3] The court instructed the jury as follows:

> Neither victim in this case identified the defendant Ivan Lee at trial as the perpetrator of the charged offenses. In addition, neither victim at any time

4

In sum, we conclude that district court did not clearly error in finding that no out-of-court identification occurred, nor did it abuse its discretion in declining to order a mistrial on this basis.

B.

The district court permitted the government to introduce evidence that Lee and Darby had used the shotgun together to commit robberies in the weeks before the carjacking. The district court found that this evidence was admissible as intrinsic evidence, and also admissible under Rule 404(b). Lee contends such evidence was neither intrinsic nor properly admitted under 404(b). Instead, he argues it should have been excluded under Rule 403. We review for abuse of discretion.[4]

We need not address whether the evidence of Lee's past robberies with the shotgun was intrinsic, because it is clear that the district court did not abuse its discretion in admitting such evidence under Rule 404(b).

Federal Rule of Evidence 404(b) provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent,

---

prior to this trial identified the defendant Ivan Lee as the perpetrator of the charged offenses. If you believe you have heard testimony at trial to the contrary, I direct you to disregard it and not to consider it in your deliberations.

The court further instructed the jury that it could not base its conclusions on evidence it had been told to disregard.

[4] *See United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010).

preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[5]

To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must "(1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it."[6]

We take this opportunity to emphasize (yet again)[7] the risks inherent in admitting evidence of past bad acts. The tendency to assume that one who has engaged in criminal conduct in the past is likely to be guilty of the charged offense is too obvious to require citation. Indeed, the ease (and concomitant danger of) this inference drives Rule 404(b)'s express command that evidence of past bad acts be admitted only if a proper relationship between the prior bad act and subsequent charged criminal conduct is established.[8] However, even when the strictures of Rule 404(b) are satisfied, potential for mischief and unfair prejudice of suggesting criminal propensity remain. Accordingly, to ensure that evidence offered under Rule 404(b) is put forth for a proper purpose only, the proponent of such evidence must clearly articulate why the evidence establishes something other than criminal propensity or bad character.[9]

---

[5] FED. R. EVID. 404(b).

[6] *Green*, 617 F.3d at 249 (citing *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001)).

[7] *See United States v. Himmelwright*, 42 F.3d 777 (3d Cir. 1994); *United States v. Givan*, 320 F.3d 452, 466 (3d Cir. 2003) (McKee, J., concurring in part, dissenting in part); *United States v. Morley*, 199 F.3d 129, 133-34 (3d Cir. 1999); *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994).

[8] *See Green*, 617 F.3d at 250; *Morley*, 199 F.3d at 134; *Jemal*, 26 F.3d at 1272.

[9] *See Green*, 617 F.3d at 250; *Morley*, 199 F.3d at 133-34; *Jemal*, 26 F.3d at 1272.

The evidence of Lee's past robberies served a proper purpose and was highly relevant to the conduct for which he was being tried. A proper purpose is one that is "probative of a material issue other than character."[10] Knowledge, intent, and lack of mistake or accident are well-established non-propensity purposes for admitting evidence of prior crimes or acts.[11] However, such evidence must fit "into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged."[12] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence[,] and [] the fact is of consequence in determining the action."[13] This definition is "very broad."[14]

The district court did not abuse its discretion in concluding that evidence of Lee's past use of the shotgun was relevant for a proper purpose. The government presented evidence that Darby and Lee had taken turns using the shotgun to rob drug dealers prior to the carjacking. During these robberies, one would sit in a getaway car, while the other threatened drug dealers with the gun. The district court found that Lee's recent use of the shotgun was directly relevant to his knowledge at the time of the charged carjacking as well as his intent.

We agree that this evidence tends to show Lee knew the shotgun would be present during the carjacking. This evidentiary link "'recognizes that a prior act involving the

---

[10] *Huddleston v. United States*, 485 U.S. 681, 686 (1988).

[11] *See* FED. R. EVID. 404(b).

[12] *Green*, 617 F.3d at 250 (quoting *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994)).

[13] FED. R. EVID. 401.

[14] *Green*, 617 F.3d at 251 (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004)).

same knowledge decreases the likelihood that the defendant lacked the requisite knowledge in committing the charged offense.'"[15] Thus, Lee's prior use of the shotgun is relevant for a proper purpose.[16]

We also think that the evidence survives the Rule 403 balancing test because this proper purpose outweighed the possible prejudice. Rule 403 requires a trial judge to exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice."[17] "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."[18] As the Supreme Court has explained, "'Although . . . 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance.'"[19] Thus, this rule requires courts to balance the prejudicial impact of admissible evidence to ensure that its probative value outweighs the

---

[15] *United States v. McGlothin*, 705 F.3d 1254, 1263 (10th Cir. 2013) (quoting *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007)) (prior acts of weapon possession were relevant for the proper purpose of demonstrating the defendant knowingly undertook the charged offense of firearm possession) *cert. denied*, 133 S. Ct. 2406 (2013); *see United States v. Boone*, 279 F.3d 163, 187 (3d Cir. 2002).
[16] *See Boone*, 279 F.3d at 187.
[17] FED. R. EVID. 403.
[18] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[19] *Id.* at 181 (alterations in original) (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982)).

8

risk of unfair prejudice. Such balancing is particularly important when evidence of bad acts is being admitted under Rule 404(b).[20]

The district court satisfied this important balancing requirement because its ruling with respect to Rule 403 was neither "arbitrary [n]or irrational."[21] Lee's knowledge was critical. The government had to prove that Lee either carried the gun during the carjacking or at least knew it would be present. The government had no proof of those facts other than Darby's testimony, and his testimony was subject to impeachment given Darby's admitted role in the offense and resulting motive to ingratiate himself to the government. Moreover, in line with Rule 404(b), the district court issued a limiting instruction to the jury.[22] This instruction helped minimize the risk of unfair prejudice. For these reasons, we hold that the district court did not abuse its discretion in admitting the challenged evidence under Rule 404(b).

## C.

### 1.

Lee also contends that the district court committed three separate errors in sentencing. First, Lee argues that the trial court should have made the documentation

---

[20] *See United States v. Givan*, 320 F.3d 452, 471 (3d Cir. 2003) (McKee, J., concurring in part, dissenting in part).

[21] *United States v. Green*, 617 F.3d 233, 252 (3d Cir. 2010) (quoting *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (*en banc*) (internal quotations omitted)).

[22] This instruction read: "You have heard testimony from Hanzah Darby that the defendant committed bad acts prior to October 30th, 2011. This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purposes of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment in determining his relationship with Hanzah Darby. Do not consider this evidence for any other purpose."

underlying his one-level loss enhancement available to him. Lee fails to cite any authority requiring the district court to order disclosure of the documentation underlying the presentencing report. In fact, in *United States v. Ausburn*,[23] we rejected a similar argument.

Moreover, Lee has failed to provide any specific reason to doubt the accuracy of the report's loss figure. The district court reviewed the materials and explained that they added nothing to what was already reported in the presentencing document. Accordingly, Lee's speculation that the materials might have helped him is baseless,[24] and the district court's reliance on the report was not clearly erroneous.[25]

2.

Lee next argues that the district court erred when it refused to give him a downward adjustment for acceptance of responsibility. Pursuant to U.S. Sentencing Guidelines Manual § 3E1.1, the district court may adjust a defendant's offense level where he or she "clearly demonstrates acceptance of responsibility for his offense." A defendant seeking an adjustment "bears the burden of establishing by a preponderance of the evidence that a reduction under this provision is warranted."[26] We review the district

---

[23] 502 F.3d 313, 322-33 (3d Cir. 2007).
[24] *See United States v. Kluger*, 722 F.3d 549, 566 (3d Cir. 2013).
[25] *See United States v. Jimenez*, 513 F.3d 62, 86 (3d Cir. 2008) (reviewing the district court's loss calculation for clear error); *United States v. Gibbs*, 190 F.3d 188, 207 n.10 (3d Cir. 1999) (stating that the district court did not err in adopting a Post-Sentencing Report where the defendant came forward with no evidence to rebut it); *United States v. McDowell*, 888 F.2d 285, 290 n.1 (3d Cir. 1989) (explaining that the party challenging a conclusion in the presentencing report has the "burden of production" and must "come forward with evidence that tends to indicate that the report is incorrect or incomplete").
[26] *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995).

10

court's refusal to grant such an adjustment with "great deference,"[27] only reversing if the district court has committed clear error.[28]

Lee argues that the district court erroneously concluded he was ineligible for this reduction because he went to trial on one of the two counts. He then argues that he is both eligible for, and deserving of, such a reduction because he pled guilty to the carjacking.

Lee is correct that a district court may sometimes grant a reduction where the defendant has pled guilty to one count, but gone to trial on other counts of an indictment.[29] However, Lee's focus on the court's authority to grant a downward departure is beside the point because a sentencing court is not *required* to bestow this benefit. We afford the district court's decision to grant or withhold a downward adjustment for acceptance of responsibility with "great deference on review."[30] Nothing on this record suggests that the factual findings underlying the district court's decision not to grant the reduction were clearly erroneous.

We must also reject Lee's claim that the court's failure to grant a downward adjustment for acceptance of responsibility is tantamount to an unconstitutional punishment for exercising his right to go to trial. Although the argument seems quite logical, it is precluded by binding precedent. Numerous courts, including this one, have explained that the § 3E1.1 adjustment is a benefit that courts can grant at their discretion

---

[27] U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.5.
[28] *See United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007) (reviewing the factual findings underlying an adjustment for acceptance of responsibility for clear error).
[29] *See United States v. Williams*, 344 F.3d 365, 381 (3d Cir. 2003); *United States v. Cohen*, 171 F.3d 796, 806 (3d Cir. 1999).
[30] U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.5.

to defendants who accept responsibility, and that it does not amount to punishment for exercising one's right to go to trial.[31]

3.

Last, Lee argues that the district court abused its discretion in refusing to vary his sentence on account of his prior incarceration for an unrelated offense. Lee was arrested by the State of New Jersey on October 16, 2007, and was detained until he was acquitted of that charge. He was involved in the carjacking at issue about two years after he was acquitted. Lee now argues that the district court should have varied his sentence to account for the time he was detained on a charge for which he was later acquitted. Although the court clearly could have adjusted his sentence for that reason, it was not required to do so and its election not to does not constitute grounds for relief.

II.

For the above reasons, we affirm Lee's conviction and sentence.

---

[31] *See Cohen*, 171 F.3d at 805 ("Sentencing Guideline 3E1.1 creates an . . . incentive for defendants to plead guilty, and under *Corbitt* [*v. New Jersey*, 439 U.S. 212 (1978)], this incentive is constitutional."); *see also United States v. Saunders*, 973 F.2d 1354, 1362-63 (7th Cir. 1992).