NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3382
_____

UNITED STATES OF AMERICA

v.

ARNALDO ECHEVARRIA,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-16-cr-00073-001)
District Judge:  Hon. Esther Salas
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2018

Before:   JORDAN, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: April 30, 2018)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

A jury convicted Arnaldo Echevarria of various crimes he committed during his

employment with the United States Immigration and Customs Enforcement agency

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

("ICE"). Echevarria appeals his sentence, arguing that the District Court erred when calculating his offense level under the United States Sentencing Guidelines ("U.S.S.G.") because it declined to grant him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). For the reasons that follow, we will affirm.

## I.    BACKGROUND

Echevarria served as a deportation officer with ICE. In February 2016, the government filed a nine-count indictment against him in the United States District Court for the District of New Jersey alleging that, from 2011 to 2014, he abused his position by agreeing to receive and receiving bribes, in violation of 18 U.S.C. §§ 201(b)(2) and 2, harboring an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(ii), and making false statements, in violation of 18 U.S.C. § 1001. The indictment specifically alleged that Echevarria had accepted bribes from undocumented immigrants in exchange for work permits that allowed them to remain in the United States, had falsified the immigration status of some immigrants, and had operated a business with and attempted to shield from ICE detection an undocumented immigrant with whom he was romantically involved.

Echevarria pled not guilty and exercised his constitutional right to proceed to trial. At trial, he argued that the government lacked credible evidence that he had committed the alleged crimes. During cross-examination, Echevarria attacked the accuracy and credibility of the government's witnesses, and in closing arguments, asked the jury to reject their testimony and to conclude that the government had failed to meet its burden of proof.

After a seven-day trial, the jury convicted Echevarria on eight of the nine counts. During his presentence interview, Echevarria maintained his innocence, and the Probation Office circulated a draft Presentence Investigation Report ("PSR") that concluded an adjustment for acceptance of responsibility under § 3E1.1 was not appropriate. After receiving the draft PSR, defense counsel advised the Probation Office that Echevarria had accepted the jury's verdict and had accepted responsibility for his actions. Echevarria thus objected to the PSR's denial of a three-level reduction in his offense level calculation under § 3E1.1. The government opposed that objection. In the final PSR, the Probation Office adhered to its initial conclusion that a § 3E1.1 reduction was inapplicable, and, based on an offense level of 28, it calculated a recommended sentence of 78 to 97 months of imprisonment.

At sentencing, when pressed on the legal basis for his objection, given that he had gone to trial and was convicted, Echevarria conceded that the government had not moved for a one-level reduction under § 3E1.1(b) and that at most, he could seek a two-level reduction under § 3E1.1(a). He further agreed with the Court's view that the objection was more appropriately characterized as a request for a "variance" rather than "an actual application of acceptance of responsibility" under § 3E1.1. (App. at 17.) He argued that he had requested a meeting with the government after trial, during which he admitted to committing the crimes of conviction, and had waived his right to appeal the verdict against him.[3]

---

[3] At sentencing, the government confirmed meeting with Echevarria and also suggested that the Court could take his post-trial acceptance of responsibility into account

3

The Court overruled Echevarria's § 3E1.1 objection, but it considered the evidence of his post-trial acceptance of responsibility as a mitigating factor when determining his sentence. The Court expressly credited Echevarria's meeting with the government during which he "spoke to them candidly about [his] conduct," as well as his statements at sentencing expressing remorse, and concluded that he "should receive some credit for" those actions. (App. at 50.) It therefore put aside its initial inclination to impose a sentence at "the top of the range," (App. at 49) and instead imposed a lower sentence of 84 months' imprisonment. Echeviarra now appeals.

## II. DISCUSSION[4]

On appeal, Echevarria raises a single challenge to his sentence. He argues that the District Court committed clear error by finding that he was not entitled to a two-level reduction for acceptance of responsibility under § 3E1.1(a).

Section 3E1.1 provides that a district court may grant a two-level reduction in the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," U.S.S.G. § 3E1.1(a), and the defendant bears the burden to show by a preponderance of the evidence that such a reduction is appropriate. *United States v.*

---

when considering the traditional sentencing factors under 18 U.S.C. § 3553(a). But it maintained that his was not the "rare" case that qualified for a post-trial acceptance of responsibility reduction under § 3E1.1(a). (App. at 19.)

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "We review factual findings underlying the denial of a Sentencing Guidelines reduction for acceptance of responsibility for clear error, and reverse only if we are left with a definite and firm conviction that a mistake has been committed." *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007).

*Boone*, 279 F.3d 163, 193 (3d Cir. 2002). The guideline commentary expressly provides that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. 2.[5] Indeed, it is "rare" that a defendant who proceeded to trial warrants an acceptance-of-responsibility reduction, *see id.* (noting that, "[i]n rare situations," the guideline may apply to a defendant who exercises his right to trial, for example, to assert and preserve a legal issue, such as a constitutional challenge to a statute, unrelated to factual guilt), and in those cases, the commentary instructs that a defendant's acceptance of responsibility "will be based primarily upon pre-trial statements and conduct." *Id.* Moreover, Echevarria acknowledges, as he must, that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," and thus, her determination "is entitled to great deference on review." (Opening Br. at 6 n.2); *see also United States v. Dullum*, 560 F.3d 133, 142 (3d Cir. 2009) (quoting U.S.S.G. § 3E1.1 cmt. 5).

We perceive no error in the District Court's conclusion that this is not one of the "rare instances" in which a post-trial acceptance of responsibility reduction would be appropriate. (App. at 20.) The Court found that Echevarria "asserted his innocence all throughout" trial, (App. at 20), and that he continued to maintain his innocence through his post-trial interview with the Probation Office. Thus, having put the government to its burden at trial, Echevarria falls squarely within the § 3E1.1 commentary, foreclosing

---

[5] "We are bound by 'Guidelines commentary interpreting or explaining the application of a guideline.'" *United States v. Carter*, 834 F.3d 259, 262 n.4 (3d Cir. 2016), *cert. denied*, 137 S. Ct. 1124 (2017) (editorial marks and citation omitted).

eligibility for the offense-level reduction.  U.S.S.G. § 3E1.1(a) cmt. 2; *see also, e.g.*, *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767-68 (3d Cir. 1995) (affirming denial of § 3E1.1(a) reduction where the defendant contested his factual guilt at trial by testing the government's evidence, including challenging the accuracy and credibility of its witnesses).

## III.   CONCLUSION

For the foregoing reasons, we will affirm the sentence.