**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1877
_____

UNITED STATES OF AMERICA

v.

KEVIN AGUILAR,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cr-00320-002)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2026

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*

(Filed: June 12, 2026)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Kevin Aguilar appeals his criminal judgment. Counsel for Aguilar has filed a brief with a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm the District Court's judgment.

## I

A grand jury charged Aguilar with fifteen counts related to fraud, money laundering, and aggravated identity theft, resulting in nearly $4,000,000 in losses. The indictment included charges that Aguilar defrauded COVID-19 relief programs, including the Paycheck Protection Program and Economic Injury Disaster Loan Program.

About a week before jury selection, Aguilar pleaded guilty to all fifteen counts without a plea agreement. The District Court sentenced Aguilar to 192 months' imprisonment after determining that his advisory sentencing range under the United States Sentencing Guidelines was 192 to 234 months' imprisonment (24 months of which was mandatory). Aguilar timely appealed.

Aguilar's counsel submitted an *Anders* brief, stating that she found no nonfrivolous grounds for appeal. Aguilar filed a *pro se* brief.

## II

*Anders* requires us to determine whether Defendant's counsel "thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If so, we must independently confirm that nothing in the record "might arguably support the appeal."

*Anders*, 386 U.S. at 744. If we determine there are no nonfrivolous issues, we will grant counsel's *Anders* motion and dispose of the appeal. 3d Cir. L.A.R. 109.2(a) (2011).

III

We have jurisdiction under 28 U.S.C. § 1291. The *Anders* brief here recognizes the three potential areas for argument based on Aguilar's open guilty pleas: (1) the District Court's jurisdiction; (2) the validity of the pleas; and (3) the reasonableness and legality of the sentence. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

There is no nonfrivolous jurisdictional argument. The District Court had jurisdiction under 18 U.S.C. § 3231 as Aguilar was charged with federal offenses (violating 18 U.S.C. §§ 1349, 1344 and 2, 1343 and 2, 1956(h), 1957(a), and 1028A(a)(1) and 2).

There is no nonfrivolous basis to challenge Aguilar's guilty pleas. Counsel points out in her *Anders* brief that Aguilar entered knowing and voluntary pleas after a comprehensive colloquy with the Court. The Court confirmed Aguilar's competence, advised him of his constitutional rights and the potential consequences of waiving those rights, and ensured there was a factual basis for the pleas. Aguilar was advised of the charges, the penalties he faced, and the rights he was waiving. So the requirements of Rule 11 of the Federal Rules of Criminal Procedure and the Constitution were satisfied.

Finally, as pointed out in counsel's *Anders* brief, there is no nonfrivolous basis to challenge Aguilar's sentence because it was procedurally and substantively sound. The District Court complied with the process outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and met the requirements of Rule 32 of the Federal Rules of

3

Criminal Procedure. The Court ensured that Aguilar received and reviewed the PSR with counsel.

The only contested issue at sentencing was whether Aguilar was entitled to acceptance of responsibility—the PSR said he was, but the District Court disagreed. In denying Aguilar a 2-point reduction for acceptance of responsibility, the District Court emphasized that Aguilar had: (1) waited until the eve of trial to inform the Court that he would enter guilty pleas; and (2) transferred property subject to forfeiture to an irrevocable trust. We agree with counsel that there is no nonfrivolous argument that the Court committed clear error when it found that Aguilar was not entitled to a reduction in his offense level for acceptance of responsibility. *See United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995) (clear acceptance of responsibility is a factual question for the sentencing court).

Aguilar claims the Court erred in denying the 2-point reduction because it misunderstood the nature of his unilateral transfer of assets to an irrevocable trust he created, and that the transfer reflected his attempt to assist the Government. Aguilar Pro Se Brief at 2. The District Court rejected that excuse for this post-plea conduct at sentencing. At the bail hearing held right before sentencing, the Court also addressed the asset transfers, emphatically stating: "[H]e had no right. After that forfeiture order was signed, why would he do this at all? I don't believe for one minute that he was doing this to help the government." Supp. App. 19.

The Court provided defense counsel and Aguilar the opportunity to address the Court. Aguilar's counsel advocated for a bottom-of-the-Guidelines sentence. She urged

that her client had shown acceptance of responsibility by proffering all the details of the fraudulent schemes prior to changing his pleas, and stated that his decision to transfer assets to the irrevocable trust was actually a misguided effort to assist the Government. Aguilar's counsel also noted that, aside from all the frauds, Aguilar was dealing with his own health issues, had taken care of his sick mother from 2016 through 2023, and was a hard worker. For his part, Aguilar apologized for the harm he caused and committed to paying the restitution he owed.

As pointed out in the *Anders* brief, in sentencing Aguilar to 192 months' imprisonment—at the bottom of the Guidelines range and well below the statutory maximum of 360 months' imprisonment—the District Court thoughtfully considered the sentencing factors in 18 U.S.C. § 3553(a). Finally, the Court advised Aguilar of his appeal rights. Like Aguilar's counsel, we do not see on this record a nonfrivolous argument to show that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons" the District Court provided. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

IV

Aguilar's pro se brief—which raises various arguments for the first time—offers no nonfrivolous issues for this appeal.

First, we do not address on direct review Aguilar's challenge of ineffective assistance of counsel. *See United States v. Langley*, 52 F.4th 564, 575 n.7 (3d Cir. 2022).

Second, Aguilar argues the Court erred by impermissible double-counting when it applied two enhancements, one for the money laundering, U.S.S.G. § 2B1.1(b)(10)(C),

5

and another for the sophisticated means of committing the frauds, U.S.S.G. § 2S1.1(b)(3). This likewise does not present a non-frivolous argument that the Court *plainly erred*, because the Guidelines do not prohibit applying both of these enhancements, *see United States v. Wong*, 3 F.3d 667, 671 (3d Cir. 1993), and they depended on separate facts and criminal conduct. *See United States v. Otunyo*, 63 F.4th 948, 957 (D.C. Cir. 2023) (applying both Guidelines provision § 2B1.1(b)(10)(C) and § 2S1.1(b)(3) is not error).

Finally, Aguilar asserts he was denied self-representation, complaining the Court held ex parte hearings relating to the subject and failed to docket a letter he sent. But the hearings on request for counsel to withdraw or to proceed without counsel were only ex parte as to the Government and *not as to him*. And at his guilty plea hearing, held after he sent a letter to the Court about self-representation, he assured the Court he was "fully satisfied with the representation and advice given to [him] by [his] attorneys." App. 38, 42.

\* \* \*

Counsel's *Anders* brief is adequate and there are no nonfrivolous issues for appeal. We will grant counsel's motion to withdraw and affirm the District Court's judgment.