**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3778
_____

UNITED STATES OF AMERICA

v.

MYRON OWENS,
                            Appellant
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(D.C. No. 3:15-cr-00013-006)
District Judge:  Hon. James M. Munley
_____

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2019
_____

Before:  CHAGARES, JORDAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>.

(Filed: November 25, 2019)

_____

OPINION[*]

_____

_____

   [*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Myron Owens challenges three aspects of the sentence imposed upon him by the District Court: (1) the denial of a minor role reduction under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2; (2) the denial of an acceptance of responsibility reduction under U.S.S.G. § 3E1.1; and (3) the substantive reasonableness of the court's 48-month variance below the guideline range. We will affirm.

I.

Owens, along with seven co-defendants, was charged by a grand jury with conspiracy to distribute heroin and cocaine and possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Owens then violated multiple conditions of his pre-trial release: he was arrested and convicted for disorderly conduct and harassment, he falsified employment timesheets and paystubs, and he failed to notify pretrial services of his change of address. Owens pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin and cocaine. As part of his plea, the parties agreed the amount of heroin was less than 400 grams.

The base offense level for his conviction was 24. See U.S.S.G. § 2D1.1(c)(8). Because of his designation as a career offender pursuant to two prior felony convictions for controlled substance offenses, his offense level increased to 34. See U.S.S.G. § 4B1.1(b)(2). The pre-sentence report recommended no adjustments for acceptance of responsibility or minor role. Based on his criminal history category of VI and total offense level of 34, his advisory guidelines range was 262 to 327 months.

At sentencing, Owens raised two objections to the guidelines calculation; he asked for reductions based on his minor role and his acceptance of responsibility. Owens conceded that he qualified as a career offender but argued that the lack of severity of his predicate offenses should be taken into consideration under 18 U.S.C. § 3553(a). The court overruled his objections [ REDACTED AT THE DIRECTION OF THE COURT ] resulting in a guidelines range of 188 to 235 months. The court varied downward by 48 months, resulting in a term of imprisonment of 140 months. Owens timely appealed.

## II.[1]

Owens appeals three aspects of his sentence: the denial of the minor role reduction, the denial of the acceptance of responsibility reduction, and the substantive reasonableness of his sentence. We will discuss each in turn.

## A.

A downward adjustment denied on factual grounds is reviewed for clear error. United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001). "[T]he determination of whether a defendant is entitled to a minor role adjustment is highly dependent on the facts of particular cases," so we afford district courts "broad discretion in applying this section, and their rulings are left largely undisturbed by the courts of appeals." United States v. Isaza-Zapata, 148 F.3d 236, 238 (3d Cir. 1998). This offense level reduction "is available for a defendant whose role in the offense makes him substantially less culpable than the average participant." Id. But, "the mere fact that a defendant was less culpable

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

than his co-defendants does not entitle the defendant to 'minor participant' status as a matter of law." Brown, 250 F.3d at 819. Factors to consider include: "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture." Id.

Owens argues the denial of this reduction was procedurally unreasonable because the court did not address each factor. While the District Court's analysis was cursory, its conclusion is supported by the record, and we cannot find that it clearly erred. See United States v. Carr, 25 F.3d 1194, 1208 (3d Cir. 1994) ("Although the district court did not specifically follow [the above-listed three factors], the record amply supports the district court's conclusion that Carr was not a minor participant."). At sentencing, Owens pointed to two co-defendants that he believes were substantially more culpable than him. But one co-defendant pleaded guilty to a fraction of the drugs that Owens did — 10 to 20 grams as opposed to Owens' 100 to 400 grams. While the co-defendant also pleaded guilty to a firearms offense and Owens did not, only Owens was a career offender. So Owens' sentencing exposure was much higher than his co-defendant's, making the two sentences an inapposite comparison. The parties agree that the second co-defendant led the conspiracy, but that alone does not make Owens a minor participant. See Brown, 250 F.3d at 819. We hold that the District Court did not clearly err in denying the minor role reduction here.

B.

We review for clear error the denial of a reduction for acceptance of responsibility. United States v. DeLeon-Rodriguez, 70 F.3d 764, 767 (3d Cir. 1995).

A two-level reduction is available when a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Accordingly, the defendant bears the burden of proving by a preponderance of the evidence that he has accepted responsibility and a departure is warranted. DeLeon-Rodriguez, 70 F.3d at 767. Insofar as "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, we give great deference on review to a sentencing judge's decision not to apply the two-level reduction for acceptance of responsibility to a particular defendant." United States v. Barr, 963 F.2d 641, 657 (3d Cir. 1992) (citation omitted). We have recognized that "[c]ontinual criminal activity, even differing in nature from the convicted offense, is inconsistent with an acceptance of responsibility and an interest in rehabilitation." United States v. Ceccarani, 98 F.3d 126, 130 (3d Cir. 1996).

The District Court overruled Owens' objection based on the criminal and deceitful behavior that continued after his arrest, which included additional convictions and lying to pre-trial services. Finding that Owens did not clearly demonstrate that he accepted responsibility for his criminal conduct was not clearly erroneous.

C.

Owens does not dispute his designation as a career offender. Instead, he argues that it was substantively unreasonable that the court departed below his guideline range by only 48 months. We review this decision for an abuse of discretion. United States v.

5

Levinson, 543 F.3d 190, 196 (3d Cir. 2008). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). The sentence imposed will be affirmed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Owens' two predicate offenses that render him a career offender were non-violent offenses involving marijuana and resulted in short imprisonment terms of only 12 and 13 months, so he argues it was substantively unreasonable to vary downward by only 48 months. On this record, however, we are not convinced that the District Court abused its discretion in sentencing Owens to 140 months of imprisonment. In considering the § 3553(a) factors, the court focused on Owens' long criminal history, the seriousness of his heroin offense, and his family's support. As to his criminal history, Owens' prior convictions include "attempt to deliver marijuana, possession with intent to deliver controlled substances, retail theft, disorderly conduct, harassment, and he has violated conditions of probation and parole on several occasions." App. 110. The court also pointed to statements by two confidential witnesses; one purchased cocaine from Owens about three times a week for the previous six months and the other bought three to four bricks of heroin from Owens. As to the seriousness of the underlying offense, the court discussed how heroin "is destroying lives in our community" and "heroin-related overdose[s]" are an "epidemic." App. 111. And the amount of heroin that Owens

6

pleaded guilty to distributing translates to 4,000 to 16,000 retail bags of "potentially deadly heroin." App. 111. The court also credited the support of his family, who spoke at the sentencing and wrote letters on his behalf. The court agreed that a guidelines sentence would be "unjust" because of the nature of the predicate offenses and the young age at which he committed them, and it concluded that varying downward by 48 months was appropriate. App. 112. This was not an abuse of discretion.

### III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.